1/3/24, 4:21 PM

Case 23-13208-amc   Doc 25-1   Filed 01/24/24 Live database Area Entered 01/24/24 13:03:52   Desc
Exhibit - Proof of Claim   Page 1 of 55

**U.S. Bankruptcy Court**

**Eastern District of Pennsylvania**

Notice of Electronic Claims Filing

The following transaction was received from NICHOLAS, BRIAN on 1/3/2024 at 4:21 PM EST

File another claim

| | |
|---|---|
| **Case Name:** | Sean N. Sinclair and Claire S. Sinclair |
| **Case Number:** | 23-13208-amc |
| **Creditor Name:** | MIDFIRST BANK<br>999 NorthWest Grand Boulevard<br>Oklahoma City, OK 73118 |
| **Claim Number:** | 8   Claims Register |
| **Amount Claimed:** | $199,599.76 |
| **Amount Secured:** | $199599.76 |
| **Amount Priority:** | |

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**POC- Sinclair- Revised.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1008166204 [Date=1/3/2024] [FileNumber=31733806-0
] [18ac6d58c970c0345c36fd727c70297acb46eeb6fd68575c421b0bf884e32e5dfbf
8d6deac35ebd5d34fe15a688499132a7fcb6999f6614a41da620732407359]]
**Document description:**Exhibit 410a Payment History
**Original filename:**C:\fakepath\Revised 410a- Sinclair.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1008166204 [Date=1/3/2024] [FileNumber=31733806-1
] [0b908cf4dc4a079daddf6d22f6c15d1a4bc1e5b41b1458cf79e59168f138d07d4a3
2bd8588048fc487421f5e4a9591159dd9c679ae0f68cd91befaab18fc3d85]]
**Document description:**Exhibit Escrow Analysis
**Original filename:**C:\fakepath\EA- Sinclair Redacted.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1008166204 [Date=1/3/2024] [FileNumber=31733806-2
] [1c2e39b19d9e10539197f4fb8f345983aff2f22159ea73167fe145951bf5e9b272d
92198aad1c4e60bf0b2fb6182f0e631eace6581a8851ed24dd57df07291ba]]
**Document description:**Exhibit Loan Documents
**Original filename:**C:\fakepath\Loan Documents- Sinclair- Redacted.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1008166204 [Date=1/3/2024] [FileNumber=31733806-3
] [91efc276e9e189dbc96b5c8728dffb55d87f205583f2fae23f772ee415f87b045c5
f04e3d326a465f4aa7c4d1ccc78c07035e6e99ffbd84b54edb72854b2c7eb]]

**23-13208-amc Notice will be electronically mailed to:**

DENISE ELIZABETH CARLON on behalf of Creditor MIDFIRST BANK
bkgroup@kmllawgroup.com

1/3/24, 4:21 PM

Case 23-13208-amc    Doc 25-1    Filed 01/24/24    Live database area    Entered 01/24/24 13:03:52    Desc
Exhibit - Proof of Claim    Page 2 of 55

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

KENNETH E. WEST
ecfemails@ph13trustee.com, philaecf@gmail.com

KENNETH E. WEST on behalf of Trustee KENNETH E. WEST
ecfemails@ph13trustee.com, philaecf@gmail.com

PAUL H. YOUNG on behalf of Debtor Sean N. Sinclair
support@ymalaw.com,
ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com,lesliebrown.paralegal@gmail.com,cmccullough@ymalaw.com

PAUL H. YOUNG on behalf of Joint Debtor Claire S. Sinclair
support@ymalaw.com,
ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com,lesliebrown.paralegal@gmail.com,cmccullough@ymalaw.com

**23-13208-amc Notice will not be electronically mailed to:**

**Fill in this information to identify the case:**

Debtor 1    Sean N. Sinclair

Debtor 2    Claire S. Sinclair
(Spouse, if filing)

United States Bankruptcy Court for the EASTERN District of Pennsylvania

Case number   23-13208 AMC

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| 1. Who is the current creditor? | **MIDFIRST BANK** |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☐ No   ☒ Yes. From whom?   Pingora Loan Servicing LLC |
|---|---|

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent? (if different)** |
|---|---|---|
| | **MidFirst Bank**<br>Name | Name |
| | **999 NorthWest Grand Boulevard**<br>Number        Street | Number        Street |
| | **Oklahoma City, OK 73118**<br>City        State        Zip Code | City        State        Zip Code |
| | **1-800-654-4566**<br>Contact phone | Contact phone |
| | Contact Email | Contact Email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| 4. Does this claim amend one already filed? | ☒ No<br>☐ Yes.   Claim number on court claims registry (if known)_____ | Filed on _____<br>MM / DD / YYYY |
|---|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No<br>☐ Yes.   Who made the earlier filing?   _____ |
|---|---|

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor     **2822** |

| | |
|---|---|
| 7. **How much is this claim?** | $199,599.76     **Does this amount include interest or other charges?**<br><br>☐ No<br>☒ Yes Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001 (c)(2)(A). |

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**Money Loaned**

9. **Is all or part of the claim secured?**

☐ No
☒ Yes. The claim is secured by a lien on property.
   Nature of property: 3307 Sheldon Avenue Bristol, PA 19007

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection:    **Deed of Trust, Mortgage, Note**
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                   $_____

Amount of the claim that is secured:    $199,599.76

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $44,157.98

Annual Interest Rate (when case was filed)    4.5000%

☒ Fixed
☐ Variable

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☒ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☒ No<br><br>☐ Yes. Identify the property: _____ |

242

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | | |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B) | | |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies. | | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    __01/03/2024__
                    MM / DD / YYYY

__/s/ Brian C. Nicholas, Attorney ID# 317240__
                    Signature

**Print the name of the person who is completing and signing this claim:**

| | | | | |
|---|---|---|---|---|
| Name | **Brian C. Nicholas** | | | |
| | First name | Middle name | | Last name |
| Title | **Bankruptcy Attorney** | | | |
| Company | **KML Law Group, P.C.** | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | | |
| Address | **701 Market Street, Suite 5000** | | | |
| | Number     Street | | | |
| | **Philadelphia** | | **PA** | **19106** |
| | City | | State | ZIP Code |
| Contact phone | **201-549-5366** | Email | **bnicholas@kmllawgroup.com** | |

243

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sean N. Sinclair<br>Claire S. Sinclair<br><br>Debtor(s) | CHAPTER 13<br><br>NO. 23-13208 AMC |

CERTIFICATE OF SERVICE

I, the undersigned, attorney for MIDFIRST BANK do hereby certify that true and correct copies of

the foregoing Proof of Claim have been served <u>January 03, 2024</u>, by electronic filing upon those listed below:

<u>Attorney for Debtor(s)</u>
PAUL H. YOUNG
Young, Marr, Mallis & Deane, LLC
3554 Hulmeville Rd.
Ste 102
Bensalem, PA 19020

***Bankruptcy Trustee***
Kenneth E. West
Office of the Chapter 13 Standing Trustee (VIA ECF)
1234 Market Street - Suite 1813
Philadelphia, PA 19107

Date: <u>January 03, 2024</u>

<u>**/s/ Brian C. Nicholas**</u>
Brian C. Nicholas
Attorney I.D. 317240
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106
201-549-5366
bnicholas@kmllawgroup.com

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case Number | 23-13208 -13 | Principal Balance: | 161,312.43 | Principal Balance: | 3,988.29 | Principal & Interest | 904.87 |
| Debtor 1 | SEAN N. SINCLAIR | Interest Due: | 8,332.98 | Interest Due: | 7,775.02 | Monthly Escrow | 813.43 |
| Debtor 2 | | Fees, Costs Due: | 13,675.10 | Prepetition Fees Due: | 13,675.10 | Private Mortgage Insurance: | 189.56 |
| Last 4 Digits to Identify | xxxx2822 | | | Escrow Deficiency for Funds | | | |
| Creditor | MidFirst Bank | Escrow Deficiency for Funds Advanced: | 17,338.96 | Advanced: | 17,338.96 | Total Monthly Payment: | 1,907.86 |
| Servicer | MidFirst Bank | Less Total Funds On Hand: | 1,059.71 | Projected Escrow Shortage: | 2,440.32 | Next Due Date: | 11/1/2023 |
| Fixed Accrual/Daily | | Deferred Balance: | 0.00 | Less Funds On Hand: | 1,059.71 | | |
| Simple Interest/Other | Fixed | Total Debt: | 199,599.76 | Total Prepetition Arrearage: | 44,157.98 | | |

**Part 5: Loan Payment History from First Date of Default**

| | | | Account Activity | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
| 3/1/2016 | 1,963.15 | | | Contractual Payment Due | 3/1/2016 | 1963.15 | | | | | | 209499.00 | | 3692.45 | 0.00 | 0.00 |
| 3/2/2016 | | | | MIP Paid | | 1963.15 | | | -231.13 | | | 209499.00 | | 3461.32 | 0.00 | 0.00 |
| 3/17/2016 | | | 78.53 | Late Fees | | 1963.15 | | | | 78.53 | | 209499.00 | | 3461.32 | 78.53 | 0.00 |
| 3/21/2016 | | | 60.00 | Billed - Property Preservation | | 1963.15 | | | | 60.00 | | 209499.00 | | 3461.32 | 138.53 | 0.00 |
| 4/1/2016 | 1,963.15 | | | Contractual Payment Due | 4/1/2016 | 3926.30 | | | | | | 209499.00 | | 3461.32 | 138.53 | 0.00 |
| 4/4/2016 | | | | MIP Paid | | 3926.30 | | | -231.13 | | | 209499.00 | | 3230.19 | 138.53 | 0.00 |
| 4/12/2016 | | | | Taxes Paid | | 3926.30 | | | -1,417.19 | | | 209499.00 | | 1813.00 | 138.53 | 0.00 |
| 4/18/2016 | | | 78.53 | Late Fees | | 3926.30 | | | | 78.53 | | 209499.00 | | 1813.00 | 217.06 | 0.00 |
| 5/3/2016 | | | | MIP Paid | | 3926.30 | | | -231.13 | | | 209499.00 | | 1581.87 | 217.06 | 0.00 |
| 5/17/2016 | | | 78.53 | Late Fees | | 3926.30 | | | | 78.53 | | 209499.00 | | 1581.87 | 295.59 | 0.00 |
| 6/2/2016 | | | | MIP Paid | | 3926.30 | | | -231.13 | | | 209499.00 | | 1350.74 | 295.59 | 0.00 |
| 6/17/2016 | | | 78.53 | Late Fees | | 3926.30 | | | | 78.53 | | 209499.00 | | 1350.74 | 374.12 | 0.00 |
| 7/5/2016 | | | | MIP Paid | | 3926.30 | | | -231.13 | | | 209499.00 | | 1119.61 | 374.12 | 0.00 |
| 7/25/2016 | | | 15.00 | Billed - Inspection Fee | | 3926.30 | | | | 15.00 | | 209499.00 | | 1119.61 | 389.12 | 0.00 |
| 7/28/2016 | | | 50.00 | Billed - FC Attorney Fee | | 3926.30 | | | | 50.00 | | 209499.00 | | 1119.61 | 439.12 | 0.00 |
| 7/28/2016 | | | 325.00 | Billed - FC Attorney Cost | | 3926.30 | | | | 325.00 | | 209499.00 | | 1119.61 | 764.12 | 0.00 |
| 8/2/2016 | | | | MIP Paid | | 3926.30 | | | -231.13 | | | 209499.00 | | 888.48 | 764.12 | 0.00 |
| 8/16/2016 | | | | Insurance Paid | | 3926.30 | | | -1,761.00 | | | 209499.00 | | -872.52 | 764.12 | 0.00 |
| 8/17/2016 | | | | Taxes Paid | | 3926.30 | | | -4,843.99 | | | 209499.00 | | -5716.51 | 764.12 | 0.00 |
| 8/18/2016 | | | 125.00 | Billed - FC Title Cost | | 3926.30 | | | | 125.00 | | 209499.00 | | -5716.51 | 889.12 | 0.00 |
| 8/26/2016 | | | -125.00 | Fee Waived | | 3926.30 | | | | -125.00 | | 209499.00 | | -5716.51 | 764.12 | 0.00 |
| 9/2/2016 | | | | MIP Paid | | 3926.30 | | | -231.13 | | | 209499.00 | | -5947.64 | 764.12 | 0.00 |
| 9/23/2016 | | 1848.40 | | Funds Received | | 3926.30 | | | | | | 209499.00 | | -5947.64 | 764.12 | 0.00 |
| 9/23/2016 | | | | Suspense Transaction | | 3926.30 | | | | | 1848.40 | 209499.00 | | -5947.64 | 764.12 | 1848.40 |
| 9/23/2016 | | | -5.00 | Billed & Paid - Western Union Fee | | 3926.30 | | | | 5.00 | -5.00 | 209499.00 | | -5947.64 | 764.12 | 1843.40 |
| 10/4/2016 | | | | MIP Paid | | 3926.30 | | | -231.13 | | | 209499.00 | | -6178.77 | 764.12 | 1843.40 |
| 10/24/2016 | | 1843.40 | | Funds Received | | 3926.30 | | | | | | 209499.00 | | -6178.77 | 764.12 | 1843.40 |
| 10/24/2016 | | | | Suspense Transaction | | 3926.30 | | | | | 1843.40 | 209499.00 | | -6178.77 | 764.12 | 3686.80 |
| 10/25/2016 | | | | Payments Posting | *3/01/2016 | 1963.15 | 333.27 | 676.51 | 953.37 | | -1963.15 | 209165.73 | | -5225.40 | 764.12 | 1723.65 |
| 11/2/2016 | | | | MIP Paid | | 1963.15 | | | -226.61 | | | 209165.73 | | -5452.01 | 764.12 | 1723.65 |
| 12/2/2016 | | | | MIP Paid | | 1963.15 | | | -226.61 | | | 209165.73 | | -5678.62 | 764.12 | 1723.65 |
| 12/16/2016 | | 1843.40 | | Funds Received | | 1963.15 | | | | | | 209165.73 | | -5678.62 | 764.12 | 1723.65 |
| 12/16/2016 | | | | Suspense Transaction | | 1963.15 | | | | | 1843.40 | 209165.73 | | -5678.62 | 764.12 | 3567.05 |
| 12/19/2016 | | | | Payments Posting | *4/01/2016 | 0.00 | 334.35 | 675.43 | 953.37 | | -1963.15 | 208831.38 | | -4725.25 | 764.12 | 1603.90 |
| 1/4/2017 | | | | MIP Paid | | 0.00 | | | -226.61 | | | 208831.38 | | -4951.86 | 764.12 | 1603.90 |
| 2/2/2017 | | | | MIP Paid | | 0.00 | | | -226.61 | | | 208831.38 | | -5178.47 | 764.12 | 1603.90 |
| 3/2/2017 | | | | MIP Paid | | 0.00 | | | -226.61 | | | 208831.38 | | -5405.08 | 764.12 | 1603.90 |
| 4/4/2017 | | | | MIP Paid | | 0.00 | | | -226.61 | | | 208831.38 | | -5631.69 | 764.12 | 1603.90 |
| 4/17/2017 | | | | Taxes Paid | | 0.00 | | | -1,417.19 | | | 208831.38 | | -7048.88 | 764.12 | 1603.90 |
| 5/1/2017 | 3,403.90 | | | Contractual Payment Due | 5/1/2017 | 3403.90 | | | | | | 208831.38 | | -7048.88 | 764.12 | 1603.90 |
| 5/1/2017 | | 1800.00 | | Funds Received | | 3403.90 | | | | | | 208831.38 | | -7048.88 | 764.12 | 1603.90 |
| 5/1/2017 | | | | Suspense Transaction | | 3403.90 | | | | | 1800.00 | 208831.38 | | -7048.88 | 764.12 | 3403.90 |
| 5/2/2017 | | | | MIP Paid | | 3403.90 | | | -226.61 | | | 208831.38 | | -7275.49 | 764.12 | 3403.90 |
| 5/12/2017 | | | | Loan Mod Adjustment | | 3403.90 | -18212.76 | | | | | 227044.14 | | -7275.49 | 764.12 | 3403.90 |
| 5/12/2017 | | | | Loan Mod Adjustment | | 3403.90 | | 8019.96 | | | | 227044.14 | | -7275.49 | 764.12 | 3403.90 |
| 5/12/2017 | | | | Loan Mod Adjustment | | 3403.90 | | | 9,817.80 | | | 227044.14 | | 2542.31 | 764.12 | 3403.90 |
| 5/12/2017 | | | -375.00 | Fee Adjustment | | 3403.90 | | | | -375.00 | | 227044.14 | | 2542.31 | 389.12 | 3403.90 |
| 5/19/2017 | | | | Principal Adjustment | | 3403.90 | 48457.95 | | | | | 178586.19 | | 2542.31 | 389.12 | 3403.90 |
| 5/22/2017 | | | -314.12 | Late Fees | | 3403.90 | | | | -314.12 | | 178586.19 | | 2542.31 | 75.00 | 3403.90 |
| 5/23/2017 | | | | Payments Posting | *5/01/2017 | 0.00 | 235.17 | 669.70 | 2,499.03 | | -3403.90 | 178351.02 | | 5041.34 | 75.00 | 0.00 |
| 6/2/2017 | 1,800.00 | | | Contractual Payment Due | 6/1/2017 | 1800.00 | | | | | | 178351.02 | | 5041.34 | 75.00 | 0.00 |
| 6/2/2017 | | | | MIP Paid | | 1800.00 | | | -226.61 | | | 178351.02 | | 4814.73 | 75.00 | 0.00 |
| 6/16/2017 | | 1800.00 | | Funds Received | | 1800.00 | | | | | | 178351.02 | | 4814.73 | 75.00 | 0.00 |
| 6/16/2017 | | | | Payments Posting | *6/01/2017 | 0.00 | 236.05 | 668.82 | 895.13 | | | 178114.97 | | 5709.86 | 75.00 | 0.00 |
| 6/20/2017 | | | 125.00 | Billed - FC Title Cost | | 0.00 | | | | 125.00 | | 178114.97 | | 5709.86 | 200.00 | 0.00 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/27/2017 | | | -125.00 | Fee Adjustment | | 0.00 | | | | -125.00 | | 178114.97 | | 5709.86 | 75.00 | 0.00 |
| 7/1/2017 | 1,800.00 | | | Contractual Payment Due | 7/1/2017 | 1800.00 | | | | | | 178114.97 | | 5709.86 | 75.00 | 0.00 |
| 7/5/2017 | | | | MIP Paid | | 1800.00 | | | -226.61 | | | 178114.97 | | 5483.25 | 75.00 | 0.00 |
| 7/17/2017 | | | 72.00 | Late Fees | | 1800.00 | | | | 72.00 | | 178114.97 | | 5483.25 | 147.00 | 0.00 |
| 8/1/2017 | 1,800.00 | | | Contractual Payment Due | 8/1/2017 | 3600.00 | | | | | | 178114.97 | | 5483.25 | 147.00 | 0.00 |
| 8/2/2017 | | | | MIP Paid | | 3600.00 | | | -226.61 | | | 178114.97 | | 5256.64 | 147.00 | 0.00 |
| 8/11/2017 | | | | Taxes Paid | | 3600.00 | | | -4,906.88 | | | 178114.97 | | 349.76 | 147.00 | 0.00 |
| 8/16/2017 | | | | Insurance Paid | | 3600.00 | | | -1,842.00 | | | 178114.97 | | -1492.24 | 147.00 | 0.00 |
| 8/17/2017 | | | 72.00 | Late Fees | | 3600.00 | | | | 72.00 | | 178114.97 | | -1492.24 | 219.00 | 0.00 |
| 8/29/2017 | | 3759.00 | | Funds Received | | 3600.00 | | | | | | 178114.97 | | -1492.24 | 219.00 | 0.00 |
| 8/29/2017 | | | | Payments Posting | *7/01/2017 | 1800.00 | 236.94 | 667.93 | 895.13 | | | 177878.03 | | -597.11 | 219.00 | 0.00 |
| 8/29/2017 | | | | Payments Posting | *8/01/2017 | | 237.83 | 667.04 | 895.13 | | | 177640.20 | | 298.02 | 219.00 | 0.00 |
| 8/29/2017 | | | -144.00 | Late Fees | | 0.00 | | | | -144.00 | | 177640.20 | | 298.02 | 75.00 | 0.00 |
| 8/29/2017 | | | -15.00 | Billed & Paid - Recording Fee | | 0.00 | | | | 15.00 | | 177640.20 | | 298.02 | 75.00 | 0.00 |
| 9/1/2017 | 1,818.88 | | | Contractual Payment Due | 9/1/2017 | 1818.88 | | | | | | 177640.20 | | 298.02 | 75.00 | 0.00 |
| 9/5/2017 | | | | MIP Paid | | 1818.88 | | | -226.61 | | | 177640.20 | | 71.41 | 75.00 | 0.00 |
| 9/18/2017 | | | 72.76 | Late Fees | | 1818.88 | | | | 72.76 | | 177640.20 | | 71.41 | 147.76 | 0.00 |
| 10/1/2017 | 1,818.88 | | | Contractual Payment Due | 10/1/2017 | 3637.76 | | | | | | 177640.20 | | 71.41 | 147.76 | 0.00 |
| 10/3/2017 | | | | MIP Paid | | 3637.76 | | | -226.61 | | | 177640.20 | | -155.20 | 147.76 | 0.00 |
| 10/17/2017 | | | 72.76 | Late Fees | | 3637.76 | | | | 72.76 | | 177640.20 | | -155.20 | 220.52 | 0.00 |
| 11/1/2017 | 1,818.88 | | | Contractual Payment Due | 11/1/2017 | 5456.64 | | | | | | 177640.20 | | -155.20 | 220.52 | 0.00 |
| 11/2/2017 | | | | MIP Paid | | 5456.64 | | | -221.91 | | | 177640.20 | | -377.11 | 220.52 | 0.00 |
| 11/7/2017 | | | 72.76 | Late Fees | | 5456.64 | | | | 72.76 | | 177640.20 | | -377.11 | 293.28 | 0.00 |
| 12/1/2017 | 1,818.88 | | | Contractual Payment Due | 12/1/2017 | 7275.52 | | | | | | 177640.20 | | -377.11 | 293.28 | 0.00 |
| 12/4/2017 | | | | MIP Paid | | 7275.52 | | | -221.91 | | | 177640.20 | | -599.02 | 293.28 | 0.00 |
| 12/18/2017 | | | 72.76 | Late Fees | | 7275.52 | | | | 72.76 | | 177640.20 | | -599.02 | 366.04 | 0.00 |
| 1/1/2018 | 1,836.08 | | | Contractual Payment Due | 1/1/2018 | 9111.60 | | | | | | 177640.20 | | -599.02 | 366.04 | 0.00 |
| 1/3/2018 | | | | MIP Paid | | 9111.60 | | | -221.91 | | | 177640.20 | | -820.93 | 366.04 | 0.00 |
| 2/1/2018 | 1,836.08 | | | Contractual Payment Due | 2/1/2018 | 10947.68 | | | | | | 177640.20 | | -820.93 | 366.04 | 0.00 |
| 2/2/2018 | | | | MIP Paid | | 10947.68 | | | -221.91 | | | 177640.20 | | -1042.84 | 366.04 | 0.00 |
| 2/5/2018 | | | 290.00 | Billed - FC Attorney Cost | | 10947.68 | | | | 290.00 | | 177640.20 | | -1042.84 | 656.04 | 0.00 |
| 2/26/2018 | | | 15.00 | Billed - Inspection Fee | | 10947.68 | | | | 15.00 | | 177640.20 | | -1042.84 | 671.04 | 0.00 |
| 3/1/2018 | 1,836.08 | | | Contractual Payment Due | 3/1/2018 | 12783.76 | | | | | | 177640.20 | | -1042.84 | 671.04 | 0.00 |
| 3/2/2018 | | | | MIP Paid | | 12783.76 | | | -221.91 | | | 177640.20 | | -1264.75 | 671.04 | 0.00 |
| 4/1/2018 | 1,836.08 | | | Contractual Payment Due | 4/1/2018 | 14619.84 | | | | | | 177640.20 | | -1264.75 | 671.04 | 0.00 |
| 4/3/2018 | | | | MIP Paid | | 14619.84 | | | -221.91 | | | 177640.20 | | -1486.66 | 671.04 | 0.00 |
| 4/5/2018 | | | | Taxes Paid | | 14619.84 | | | -1,445.61 | | | 177640.20 | | -2932.27 | 671.04 | 0.00 |
| 4/24/2018 | | | 1175.00 | Billed - FC Attorney Cost | | 14619.84 | | | | 1175.00 | | 177640.20 | | -2932.27 | 1846.04 | 0.00 |
| 4/24/2018 | | | 261.09 | Billed - FC Attorney Cost | | 14619.84 | | | | 261.09 | | 177640.20 | | -2932.27 | 2107.13 | 0.00 |
| 4/24/2018 | | | 79.00 | Billed - FC Attorney Cost | | 14619.84 | | | | 79.00 | | 177640.20 | | -2932.27 | 2186.13 | 0.00 |
| 5/1/2018 | 1,836.08 | | | Contractual Payment Due | 5/1/2018 | 16455.92 | | | | | | 177640.20 | | -2932.27 | 2186.13 | 0.00 |
| 5/1/2018 | | | 235.00 | Billed - FC Attorney Cost | | 16455.92 | | | | 235.00 | | 177640.20 | | -2932.27 | 2421.13 | 0.00 |
| 5/2/2018 | | | | MIP Paid | | 16455.92 | | | -221.91 | | | 177640.20 | | -3154.18 | 2421.13 | 0.00 |
| 5/18/2018 | | | 15.00 | Billed - Inspection Fee | | 16455.92 | | | | 15.00 | | 177640.20 | | -3154.18 | 2436.13 | 0.00 |
| 6/1/2018 | 1,836.08 | | | Contractual Payment Due | 6/1/2018 | 18292.00 | | | | | | 177640.20 | | -3154.18 | 2436.13 | 0.00 |
| 6/4/2018 | | | | MIP Paid | | 18292.00 | | | -221.91 | | | 177640.20 | | -3376.09 | 2436.13 | 0.00 |
| 6/27/2018 | | | 15.00 | Billed - Inspection Fee | | 18292.00 | | | | 15.00 | | 177640.20 | | -3376.09 | 2451.13 | 0.00 |
| 7/1/2018 | 1,836.08 | | | Contractual Payment Due | 7/1/2018 | 20128.08 | | | | | | 177640.20 | | -3376.09 | 2451.13 | 0.00 |
| 7/3/2018 | | | | MIP Paid | | 20128.08 | | | -221.91 | | | 177640.20 | | -3598.00 | 2451.13 | 0.00 |
| 7/24/2018 | | | 15.00 | Billed - Inspection Fee | | 20128.08 | | | | 15.00 | | 177640.20 | | -3598.00 | 2466.13 | 0.00 |
| 7/27/2018 | | 1818.88 | | Funds Received | | 20128.08 | | | | | | 177640.20 | | -3598.00 | 2466.13 | 0.00 |
| 7/27/2018 | | | | Payments Posting | | 20128.08 | | | | | 1818.88 | 177640.20 | | -3598.00 | 2466.13 | 1818.88 |
| 8/1/2018 | 1,836.08 | | | Contractual Payment Due | 8/1/2018 | 21964.16 | | | | | | 177640.20 | | -3598.00 | 2466.13 | 1818.88 |
| 8/1/2018 | | | 75.25 | Billed - FC Attorney Cost | | 21964.16 | | | | 75.25 | | 177640.20 | | -3598.00 | 2541.38 | 1818.88 |
| 8/1/2018 | | | 59.95 | Billed - FC Attorney Cost | | 21964.16 | | | | 59.95 | | 177640.20 | | -3598.00 | 2601.33 | 1818.88 |
| 8/1/2018 | | | 2000.00 | Billed - FC Attorney Cost | | 21964.16 | | | | 2000.00 | | 177640.20 | | -3598.00 | 4601.33 | 1818.88 |
| 8/2/2018 | | | | MIP Paid | | 21964.16 | | | -221.91 | | | 177640.20 | | -3819.91 | 4601.33 | 1818.88 |
| 8/10/2018 | | | | Taxes Paid | | 21964.16 | | | -5,005.10 | | | 177640.20 | | -8825.01 | 4601.33 | 1818.88 |
| 8/16/2018 | | | | Insurance Paid | | 21964.16 | | | -2,448.00 | | | 177640.20 | | -11273.01 | 4601.33 | 1818.88 |
| 8/20/2018 | | | 352.50 | Billed - FC Attorney Fee | | 21964.16 | | | | 352.50 | | 177640.20 | | -11273.01 | 4953.83 | 1818.88 |
| 8/20/2018 | | | 0.94 | Billed - FC Attorney Cost | | 21964.16 | | | | 0.94 | | 177640.20 | | -11273.01 | 4954.77 | 1818.88 |
| 9/1/2018 | 1,836.08 | | | Contractual Payment Due | 9/1/2018 | 23800.24 | | | | | | 177640.20 | | -11273.01 | 4954.77 | 1818.88 |
| 9/5/2018 | | | | MIP Paid | | 23800.24 | | | -221.91 | | | 177640.20 | | -11494.92 | 4954.77 | 1818.88 |
| 9/7/2018 | | 1818.88 | | Funds Received | | 23800.24 | | | | | | 177640.20 | | -11494.92 | 4954.77 | 1818.88 |
| 9/7/2018 | | | | Suspense Transaction | | 23800.24 | | | | | 1818.88 | 177640.20 | | -11494.92 | 4954.77 | 3637.76 |
| 9/11/2018 | | | | Payments Posting | *9/01/2018 | 21981.36 | 238.72 | 666.15 | 914.01 | | -1818.88 | 177401.48 | | -10580.91 | 4954.77 | 1818.88 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/25/2018 | | | -150.25 | Fee Adjustment | | 21981.36 | | | | -150.25 | | 177401.48 | | -10580.91 | 4804.52 | 1818.88 |
| 10/1/2018 | 1,836.08 | | | Contractual Payment Due | 10/1/2018 | 23817.44 | | | | | | 177401.48 | | -10580.91 | 4804.52 | 1818.88 |
| 10/2/2018 | | | | MIP Paid | | 23817.44 | | | -221.91 | | | 177401.48 | | -10802.82 | 4804.52 | 1818.88 |
| 10/9/2018 | | | 225.00 | Billed - BK Attorney Fee | | 23817.44 | | | | 225.00 | | 177401.48 | | -10802.82 | 5029.52 | 1818.88 |
| 10/9/2018 | | | 675.00 | Billed - BK Attorney Fee | | 23817.44 | | | | 675.00 | | 177401.48 | | -10802.82 | 5704.52 | 1818.88 |
| 10/10/2018 | | 1809.66 | | Funds Received | | 23817.44 | | | | | | 177401.48 | | -10802.82 | 5704.52 | 1818.88 |
| 10/10/2018 | | | | Suspense Transaction | | 23817.44 | | | | | 1809.66 | 177401.48 | | -10802.82 | 5704.52 | 3628.54 |
| 10/11/2018 | | | | Payments Posting | *10/01/2017 | 21998.56 | 239.61 | 665.26 | 914.01 | | -1818.88 | 177161.87 | | -9888.81 | 5704.52 | 1809.66 |
| 10/31/2018 | | | | Insurance Paid | | 21998.56 | | | -226.00 | | | 177161.87 | | -10114.81 | 5704.52 | 1809.66 |
| 11/1/2018 | 1,836.08 | | | Contractual Payment Due | 11/1/2018 | 23834.64 | | | | | | 177161.87 | | -10114.81 | 5704.52 | 1809.66 |
| 11/2/2018 | | | | MIP Paid | | 23834.64 | | | -217.03 | | | 177161.87 | | -10331.84 | 5704.52 | 1809.66 |
| 11/23/2018 | | | | MIP Paid | | 23834.64 | | | -217.03 | | | 177161.87 | | -10548.87 | 5704.52 | 1809.66 |
| 11/27/2018 | | | -1865.00 | Fee Adjustment | | 23834.64 | | | | -1865.00 | | 177161.87 | | -10548.87 | 3839.52 | 1809.66 |
| 11/30/2018 | | 1809.66 | | Funds Received | | 23834.64 | | | | | | 177161.87 | | -10548.87 | 3839.52 | 1809.66 |
| 11/30/2018 | | | | Suspense Transaction | | 23834.64 | | | | | 1809.66 | 177161.87 | | -10548.87 | 3839.52 | 3619.32 |
| 12/1/2018 | 1,809.66 | | | Contractual Payment Due | 12/1/2018 | 25644.30 | | | | | | 177161.87 | | -10548.87 | 3839.52 | 3619.32 |
| 12/19/2018 | | | -60.00 | Fee Adjustment | | 25644.30 | | | | -60.00 | | 177161.87 | | -10548.87 | 3779.52 | 3619.32 |
| 1/1/2019 | 904.87 | | | Contractual Payment Due | 1/1/2019 | 26549.17 | | | | | | 177161.87 | | -10548.87 | 3779.52 | 3619.32 |
| 1/2/2019 | | | 12.00 | Billed - Inspection Fee | | 26549.17 | | | | 12.00 | | 177161.87 | | -10548.87 | 3791.52 | 3619.32 |
| 1/4/2019 | | | | Payments Posting | *11/01/2017 | 24730.29 | 240.51 | 664.36 | 914.01 | | -1818.88 | 176921.36 | | -9634.86 | 3791.52 | 1800.44 |
| 1/7/2019 | | | | MIP Paid | | 24730.29 | | | -217.03 | | | 176921.36 | | -9851.89 | 3791.52 | 1800.44 |
| 1/25/2019 | | | 12.00 | Billed - Inspection Fee | | 24730.29 | | | | 12.00 | | 176921.36 | | -9851.89 | 3803.52 | 1800.44 |
| 1/25/2019 | | 1818.88 | | Funds Received | | 24730.29 | | | | | | 176921.36 | | -9851.89 | 3803.52 | 1800.44 |
| 1/25/2019 | | | | Suspense Transaction | | 24730.29 | | | | | 1818.88 | 176921.36 | | -9851.89 | 3803.52 | 3619.32 |
| 1/28/2019 | | | | Payments Posting | *12/01/2017 | 22911.41 | 241.41 | 663.46 | 914.01 | | -1818.88 | 176679.95 | | -8937.88 | 3803.52 | 1800.44 |
| 2/1/2019 | 904.87 | | | Contractual Payment Due | 2/1/2019 | 23816.28 | | | | | | 176679.95 | | -8937.88 | 3803.52 | 1800.44 |
| 2/7/2019 | | | | MIP Paid | | 23816.28 | | | -217.03 | | | 176679.95 | | -9154.91 | 3803.52 | 1800.44 |
| 2/22/2019 | | 1818.88 | | Funds Received | | 23816.28 | | | | | | 176679.95 | | -9154.91 | 3803.52 | 1800.44 |
| 2/22/2019 | | | | Suspense Transaction | | 23816.28 | | | | | 1818.88 | 176679.95 | | -9154.91 | 3803.52 | 3619.32 |
| 2/25/2019 | | | | Payments Posting | *1/01/2018 | 21980.20 | 242.32 | 662.55 | 931.21 | | -1836.08 | 176437.63 | | -8223.70 | 3803.52 | 1783.24 |
| 2/26/2019 | | | 12.00 | Billed - Inspection Fee | | 21980.20 | | | | 12.00 | | 176437.63 | | -8223.70 | 3815.52 | 1783.24 |
| 3/1/2019 | 904.87 | | | Contractual Payment Due | 3/1/2019 | 22885.07 | | | | | | 176437.63 | | -8223.70 | 3815.52 | 1783.24 |
| 3/7/2019 | | | | MIP Paid | | 22885.07 | | | -217.03 | | | 176437.63 | | -8440.73 | 3815.52 | 1783.24 |
| 3/25/2019 | | | 12.00 | Billed - Inspection Fee | | 22885.07 | | | | 12.00 | | 176437.63 | | -8440.73 | 3827.52 | 1783.24 |
| 3/29/2019 | | | | Taxes Paid | | 22885.07 | | | -1,445.61 | | | 176437.63 | | -9886.34 | 3827.52 | 1783.24 |
| 4/1/2019 | 904.87 | | | Contractual Payment Due | 4/1/2019 | 23789.94 | | | | | | 176437.63 | | -9886.34 | 3827.52 | 1783.24 |
| 4/5/2019 | | 1809.66 | | Funds Received | | 23789.94 | | | | | | 176437.63 | | -9886.34 | 3827.52 | 1783.24 |
| 4/5/2019 | | | | Suspense Transaction | | 23789.94 | | | | | 1809.66 | 176437.63 | | -9886.34 | 3827.52 | 3592.90 |
| 4/5/2019 | | | | MIP Paid | | 23789.94 | | | -217.03 | | | 176437.63 | | -10103.37 | 3827.52 | 3592.90 |
| 4/8/2019 | | | | Payments Posting | *2/01/2018 | 21953.86 | 243.23 | 661.64 | 931.21 | | -1836.08 | 176194.40 | | -9172.16 | 3827.52 | 1756.82 |
| 4/23/2019 | | | 12.00 | Billed - Inspection Fee | | 21953.86 | | | | 12.00 | | 176194.40 | | -9172.16 | 3839.52 | 1756.82 |
| 4/29/2019 | | 857.64 | | Funds Received | | 21953.86 | | | | | | 176194.40 | | -9172.16 | 3839.52 | 1756.82 |
| 4/29/2019 | | | | Suspense Transaction | | 21953.86 | | | | | 857.64 | 176194.40 | | -9172.16 | 3839.52 | 2614.46 |
| 5/1/2019 | 1,809.66 | | | Contractual Payment Due | 5/1/2019 | 23763.52 | | | | | | 176194.40 | | -9172.16 | 3839.52 | 2614.46 |
| 5/6/2019 | | 1809.66 | | Funds Received | | 23763.52 | | | | | | 176194.40 | | -9172.16 | 3839.52 | 2614.46 |
| 5/6/2019 | | | | Suspense Transaction | | 23763.52 | | | | | 1809.66 | 176194.40 | | -9172.16 | 3839.52 | 4424.12 |
| 5/7/2019 | | | | Payments Posting | *3/01/2018 | 21927.44 | 244.14 | 660.73 | 931.21 | | -1836.08 | 175950.26 | | -8240.95 | 3839.52 | 2588.04 |
| 5/7/2019 | | | | MIP Paid | | 21927.44 | | | -217.03 | | | 175950.26 | | -8457.98 | 3839.52 | 2588.04 |
| 5/20/2019 | | | 12.00 | Billed - Inspection Fee | | 21927.44 | | | | 12.00 | | 175950.26 | | -8457.98 | 3851.52 | 2588.04 |
| 5/22/2019 | | 488.37 | | Funds Received | | 21927.44 | | | | | | 175950.26 | | -8457.98 | 3851.52 | 2588.04 |
| 5/22/2019 | | | | Suspense Transaction | | 21927.44 | | | | | 488.37 | 175950.26 | | -8457.98 | 3851.52 | 3076.41 |
| 6/1/2019 | 1,809.66 | | | Contractual Payment Due | 6/1/2019 | 23737.10 | | | | | | 175950.26 | | -8457.98 | 3851.52 | 3076.41 |
| 6/7/2019 | | | | MIP Paid | | 23737.10 | | | -217.03 | | | 175950.26 | | -8675.01 | 3851.52 | 3076.41 |
| 6/10/2019 | | 1809.66 | | Funds Received | | 23737.10 | | | | | | 175950.26 | | -8675.01 | 3851.52 | 3076.41 |
| 6/10/2019 | | | | Suspense Transaction | | 23737.10 | | | | | 1809.66 | 175950.26 | | -8675.01 | 3851.52 | 4886.07 |
| 6/11/2019 | | | | Payments Posting | *4/01/2018 | 21901.02 | 245.06 | 659.81 | 931.21 | | -1836.08 | 175705.20 | | -7743.80 | 3851.52 | 3049.99 |
| 6/20/2019 | | | 12.00 | Billed - Inspection Fee | | 21901.02 | | | | 12.00 | | 175705.20 | | -7743.80 | 3863.52 | 3049.99 |
| 7/1/2019 | 1,894.80 | | | Contractual Payment Due | 7/1/2019 | 23795.82 | | | | | | 175705.20 | | -7743.80 | 3863.52 | 3049.99 |
| 7/5/2019 | | 1809.66 | | Funds Received | | 23795.82 | | | | | | 175705.20 | | -7743.80 | 3863.52 | 3049.99 |
| 7/5/2019 | | | | Suspense Transaction | | 23795.82 | | | | | 1809.66 | 175705.20 | | -7743.80 | 3863.52 | 4859.65 |
| 7/5/2019 | | | | MIP Paid | | 23795.82 | | | -217.03 | | | 175705.20 | | -7960.83 | 3863.52 | 4859.65 |
| 7/8/2019 | | | | Payments Posting | *5/01/2018 | 21959.74 | 245.98 | 658.89 | 931.21 | | -1836.08 | 175459.22 | | -7029.62 | 3863.52 | 3023.57 |
| 7/23/2019 | | | 12.00 | Billed - Inspection Fee | | 21959.74 | | | | 12.00 | | 175459.22 | | -7029.62 | 3875.52 | 3023.57 |
| 7/25/2019 | | 976.74 | | Funds Received | | 21959.74 | | | | | | 175459.22 | | -7029.62 | 3875.52 | 3023.57 |
| 7/25/2019 | | | | Suspense Transaction | | 21959.74 | | | | | 976.74 | 175459.22 | | -7029.62 | 3875.52 | 4000.31 |
| 7/26/2019 | | | | Payments Posting | *6/01/2018 | 20123.66 | 246.90 | 657.97 | 931.21 | | -1836.08 | 175212.32 | | -6098.41 | 3875.52 | 2164.23 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/1/2019 | 1,894.80 | | | Contractual Payment Due | 8/1/2019 | 22018.46 | | | | | | 175212.32 | | -6098.41 | 3875.52 | 2164.23 |
| 8/7/2019 | | | | MIP Paid | | 22018.46 | | | -217.03 | | | 175212.32 | | -6315.44 | 3875.52 | 2164.23 |
| 8/9/2019 | | 1809.66 | | Funds Received | | 22018.46 | | | | | | 175212.32 | | -6315.44 | 3875.52 | 2164.23 |
| 8/9/2019 | | | | Suspense Transaction | | 22018.46 | | | | | 1809.66 | 175212.32 | | -6315.44 | 3875.52 | 3973.89 |
| 8/12/2019 | | | | Payments Posting | *7/01/2018 | 20182.38 | 247.82 | 657.05 | 931.21 | | -1836.08 | 174964.50 | | -5384.23 | 3875.52 | 2137.81 |
| 8/20/2019 | | | | Taxes Paid | | 20182.38 | | | -5,005.10 | | | 174964.50 | | -10389.33 | 3875.52 | 2137.81 |
| 8/27/2019 | | 488.37 | | Funds Received | | 20182.38 | | | | | | 174964.50 | | -10389.33 | 3875.52 | 2137.81 |
| 8/27/2019 | | | | Suspense Transaction | | 20182.38 | | | | | 488.37 | 174964.50 | | -10389.33 | 3875.52 | 2626.18 |
| 8/28/2019 | | | | Insurance Paid | | 20182.38 | | | -2,885.00 | | | 174964.50 | | -13274.33 | 3875.52 | 2626.18 |
| 8/29/2019 | | | 12.00 | Billed - Inspection Fee | | 20182.38 | | | | 12.00 | | 174964.50 | | -13274.33 | 3887.52 | 2626.18 |
| 9/1/2019 | 1,894.80 | | | Contractual Payment Due | 9/1/2019 | 22077.18 | | | | | | 174964.50 | | -13274.33 | 3887.52 | 2626.18 |
| 9/6/2019 | | | | MIP Paid | | 22077.18 | | | -217.03 | | | 174964.50 | | -13491.36 | 3887.52 | 2626.18 |
| 9/23/2019 | | | 12.00 | Billed - Inspection Fee | | 22077.18 | | | | 12.00 | | 174964.50 | | -13491.36 | 3899.52 | 2626.18 |
| 9/23/2019 | | 1809.66 | | Funds Received | | 22077.18 | | | | | | 174964.50 | | -13491.36 | 3899.52 | 2626.18 |
| 9/23/2019 | | | | Suspense Transaction | | 22077.18 | | | | | 1809.66 | 174964.50 | | -13491.36 | 3899.52 | 4435.84 |
| 9/24/2019 | | | | Payments Posting | *8/01/2018 | 20241.10 | 248.75 | 656.12 | 931.21 | | -1836.08 | 174715.75 | | -12560.15 | 3899.52 | 2599.76 |
| 9/24/2019 | | 488.37 | | Funds Received | | 20241.10 | | | | | | 174715.75 | | -12560.15 | 3899.52 | 2599.76 |
| 9/24/2019 | | | | Suspense Transaction | | 20241.10 | | | | | 488.37 | 174715.75 | | -12560.15 | 3899.52 | 3088.13 |
| 10/1/2019 | 904.87 | | | Contractual Payment Due | 10/1/2019 | 21145.97 | | | | | | 174715.75 | | -12560.15 | 3899.52 | 3088.13 |
| 10/7/2019 | | | | MIP Paid | | 21145.97 | | | -217.03 | | | 174715.75 | | -12777.18 | 3899.52 | 3088.13 |
| 10/18/2019 | | 1809.66 | | Funds Received | | 21145.97 | | | | | | 174715.75 | | -12777.18 | 3899.52 | 3088.13 |
| 10/18/2019 | | | | Suspense Transaction | | 21145.97 | | | | | 1809.66 | 174715.75 | | -12777.18 | 3899.52 | 4897.79 |
| 10/21/2019 | | | | Payments Posting | *9/01/2018 | 19309.89 | 249.69 | 655.18 | 931.21 | | -1836.08 | 174466.06 | | -11845.97 | 3899.52 | 3061.71 |
| 10/23/2019 | | 488.36 | | Funds Received | | 19309.89 | | | | | | 174466.06 | | -11845.97 | 3899.52 | 3061.71 |
| 10/23/2019 | | | | Suspense Transaction | | 19309.89 | | | | | 488.36 | 174466.06 | | -11845.97 | 3899.52 | 3550.07 |
| 10/24/2019 | | | 12.00 | Billed - Inspection Fee | | 19309.89 | | | | 12.00 | | 174466.06 | | -11845.97 | 3911.52 | 3550.07 |
| 10/24/2019 | | | | Payments Posting | *10/01/2018 | 17473.81 | 250.62 | 654.25 | 931.21 | | -1836.08 | 174215.44 | | -10914.76 | 3911.52 | 1713.99 |
| 11/1/2019 | 904.87 | | | Contractual Payment Due | 11/1/2019 | 18378.68 | | | | | | 174215.44 | | -10914.76 | 3911.52 | 1713.99 |
| 11/7/2019 | | | | MIP Paid | | 18378.68 | | | -211.95 | | | 174215.44 | | -11126.71 | 3911.52 | 1713.99 |
| 11/20/2019 | | | 12.00 | Billed - Inspection Fee | | 18378.68 | | | | 12.00 | | 174215.44 | | -11126.71 | 3923.52 | 1713.99 |
| 11/26/2019 | | 489.96 | | Funds Received | | 18378.68 | | | | | | 174215.44 | | -11126.71 | 3923.52 | 1713.99 |
| 11/26/2019 | | | | Suspense Transaction | | 18378.68 | | | | | 489.96 | 174215.44 | | -11126.71 | 3923.52 | 2203.95 |
| 12/1/2019 | 1,894.80 | | | Contractual Payment Due | 12/1/2019 | 20273.48 | | | | | | 174215.44 | | -11126.71 | 3923.52 | 2203.95 |
| 12/3/2019 | | 1809.66 | | Funds Received | | 20273.48 | | | | | | 174215.44 | | -11126.71 | 3923.52 | 2203.95 |
| 12/3/2019 | | | | Suspense Transaction | | 20273.48 | | | | | 1809.66 | 174215.44 | | -11126.71 | 3923.52 | 4013.61 |
| 12/4/2019 | | | | Payments Posting | *11/01/2018 | 18437.40 | 251.56 | 653.31 | 931.21 | | -1836.08 | 173963.88 | | -10195.50 | 3923.52 | 2177.53 |
| 12/6/2019 | | | | MIP Paid | | 18437.40 | | | -211.95 | | | 173963.88 | | -10407.45 | 3923.52 | 2177.53 |
| 12/19/2019 | | | 12.00 | Billed - Inspection Fee | | 18437.40 | | | | 12.00 | | 173963.88 | | -10407.45 | 3935.52 | 2177.53 |
| 12/26/2019 | | 489.95 | | Funds Received | | 18437.40 | | | | | | 173963.88 | | -10407.45 | 3935.52 | 2177.53 |
| 12/26/2019 | | | | Suspense Transaction | | 18437.40 | | | | | 489.95 | 173963.88 | | -10407.45 | 3935.52 | 2667.48 |
| 1/1/2020 | 1,894.80 | | | Contractual Payment Due | 1/1/2020 | 20332.20 | | | | | | 173963.88 | | -10407.45 | 3935.52 | 2667.48 |
| 2/1/2020 | 1894.80 | | | Contractual Payment Due | 2/1/2020 | 22227.00 | | | | | | 173963.88 | | -10407.45 | 3935.52 | 2667.48 |
| 2/4/2020 | | | | MIP Paid | | 22227.00 | | | -432.38 | | | 173963.88 | | -10839.83 | 3935.52 | 2667.48 |
| 2/5/2020 | | 1900.00 | | Funds Received | | 22227.00 | | | | | | 173963.88 | | -10839.83 | 3935.52 | 2667.48 |
| 2/5/2020 | | | | Suspense Transaction | | 22227.00 | | | | | 1900.00 | 173963.88 | | -10839.83 | 3935.52 | 4567.48 |
| 2/7/2020 | | 489.96 | | Funds Received | | 22227.00 | | | | | | 173963.88 | | -10839.83 | 3935.52 | 4567.48 |
| 2/7/2020 | | | | Suspense Transaction | | 22227.00 | | | | | 489.96 | 173963.88 | | -10839.83 | 3935.52 | 5057.44 |
| 2/19/2020 | | | | Funds Received | | 22227.00 | | | | | | 173963.88 | | -10839.83 | 3935.52 | 5057.44 |
| 2/19/2020 | | | | Payments Posting | *12/01/2018 | 20417.34 | 252.51 | 652.36 | 904.79 | | | 173711.37 | | -9935.04 | 3935.52 | 5057.44 |
| 2/19/2020 | | | | Suspense Transaction | | 20417.34 | | | | | 90.34 | 173711.37 | | -9935.04 | 3935.52 | 5147.78 |
| 2/19/2020 | | | | Suspense Transaction | | 20417.34 | | | | | -1900.00 | 173711.37 | | -9935.04 | 3935.52 | 3247.78 |
| 2/21/2020 | | | | Funds Received | | 20417.34 | | | | | | 173711.37 | | -9935.04 | 3935.52 | 3247.78 |
| 2/24/2020 | | | | Escrow Transaction | | 20417.34 | | | 8.48 | | | 173711.37 | | -9926.56 | 3935.52 | 3247.78 |
| 2/25/2020 | | | | Funds Received | | 20417.34 | | | | | | 173711.37 | | -9926.56 | 3935.52 | 3247.78 |
| 2/25/2020 | | | | Payment Reversal | 12/1/2018 | 22227.00 | -253.45 | -651.42 | -904.79 | | | 173964.82 | | -10831.35 | 3935.52 | 3247.78 |
| 2/25/2020 | | | | Payments Posting | *1/01/2019 | 20417.34 | 253.45 | 651.42 | 904.79 | | | 173711.37 | | -9926.56 | 3935.52 | 3247.78 |
| 2/25/2020 | | | | Escrow Credit | | 20417.34 | | | -301.08 | | | 173711.37 | | -10227.64 | 3935.52 | 3247.78 |
| 2/25/2020 | | | | Suspense Transaction | | 20417.34 | | | | | 3421.64 | 173711.37 | | -10227.64 | 3935.52 | 6669.42 |
| 2/25/2020 | | | | Suspense Transaction | | 20417.34 | | | | | -489.96 | 173711.37 | | -10227.64 | 3935.52 | 6179.46 |
| 2/25/2020 | | | | Suspense Transaction | | 20417.34 | | | | | -820.94 | 173711.37 | | -10227.64 | 3935.52 | 5358.52 |
| 2/25/2020 | | | | Suspense Transaction | | 20417.34 | | | | | -1809.66 | 173711.37 | | -10227.64 | 3935.52 | 3548.86 |
| 2/26/2020 | | 489.95 | | Funds Received | | 20417.34 | | | | | | 173711.37 | | -10227.64 | 3935.52 | 3548.86 |
| 2/26/2020 | | | | Payments Posting | *1/01/2019 | 19512.47 | 253.45 | 651.42 | | | | 173457.92 | | -10227.64 | 3935.52 | 3548.86 |
| 2/26/2020 | | | | Payments Posting | *2/01/2019 | 18607.60 | 254.40 | 650.47 | | | | 173203.52 | | -10227.64 | 3935.52 | 3548.86 |
| 2/26/2020 | | | | Payments Posting | *3/01/2019 | 17702.73 | 255.36 | 649.51 | | | | 172948.16 | | -10227.64 | 3935.52 | 3548.86 |
| 2/26/2020 | | | | Payments Posting | *4/01/2019 | 16797.86 | 256.31 | 648.56 | | | | 172691.85 | | -10227.64 | 3935.52 | 3548.86 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/26/2020 | | | | Suspense Transaction | | 16797.86 | | | | | 489.95 | 172691.85 | | -10227.64 | 3935.52 | 4038.81 |
| 2/26/2020 | | | | Suspense Transaction | | 16797.86 | | | | | -904.87 | 172691.85 | | -10227.64 | 3935.52 | 3133.94 |
| 2/26/2020 | | | | Suspense Transaction | | 16797.86 | | | | | -904.87 | 172691.85 | | -10227.64 | 3935.52 | 2229.07 |
| 2/26/2020 | | | | Suspense Transaction | | 16797.86 | | | | | -904.87 | 172691.85 | | -10227.64 | 3935.52 | 1324.20 |
| 2/26/2020 | | | | Suspense Transaction | | 16797.86 | | | | | -904.87 | 172691.85 | | -10227.64 | 3935.52 | 419.33 |
| 3/1/2020 | 1894.80 | | | Contractual Payment Due | 3/1/2020 | 18692.66 | | | | | | 172691.85 | | -10227.64 | 3935.52 | 419.33 |
| 3/4/2020 | | | | MIP Paid | | 18692.66 | | | -211.95 | | | 172691.85 | | -10439.59 | 3935.52 | 419.33 |
| 3/11/2020 | | 1900.00 | | Funds Received | | 18692.66 | | | | | | 172691.85 | | -10439.59 | 3935.52 | 419.33 |
| 3/11/2020 | | | | Payments Posting | *5/01/2019 | 16883.00 | 257.28 | 647.59 | 904.79 | | | 172434.57 | | -9534.80 | 3935.52 | 419.33 |
| 3/11/2020 | | | | Suspense Transaction | | 16883.00 | | | | | 90.34 | 172434.57 | | -9534.80 | 3935.52 | 509.67 |
| 3/13/2020 | | | 20.00 | Billed - Recoverable Insp Fee | | 16883.00 | | | | 20.00 | | 172434.57 | | -9534.80 | 3935.52 | 509.67 |
| 3/17/2020 | | | -120.00 | Waived Fees | | 16883.00 | | | | -120.00 | | 172434.57 | | -9534.80 | 3835.52 | 509.67 |
| 3/26/2020 | | 489.96 | | Funds Received | | 16883.00 | | | | | | 172434.57 | | -9534.80 | 3835.52 | 509.67 |
| 3/26/2020 | | | | Taxes Paid | | 16883.00 | | | -1468.34 | | | 172434.57 | | -11003.14 | 3835.52 | 509.67 |
| 3/26/2020 | | | | Suspense Transaction | | 16883.00 | | | | | 489.96 | 172434.57 | | -11003.14 | 3835.52 | 999.63 |
| 4/1/2020 | 1894.80 | | | Contractual Payment Due | 4/1/2020 | 18777.80 | | | | | | 172434.57 | | -11003.14 | 3835.52 | 999.63 |
| 4/6/2020 | | 1900.00 | | Funds Received | | 18777.80 | | | | | | 172434.57 | | -11003.14 | 3835.52 | 999.63 |
| 4/6/2020 | | | | Payments Posting | *6/01/2019 | 16968.14 | 258.24 | 646.63 | 904.79 | | | 172176.33 | | -10098.35 | 3835.52 | 999.63 |
| 4/6/2020 | | | | MIP Paid | | 16968.14 | | | -211.95 | | | 172176.33 | | -10310.30 | 3835.52 | 999.63 |
| 4/6/2020 | | | | Suspense Transaction | | 16968.14 | | | | | 900.00 | 172176.33 | | -10310.30 | 3835.52 | 1899.63 |
| 4/6/2020 | | | | Suspense Transaction | | 16968.14 | | | | | -809.66 | 172176.33 | | -10310.30 | 3835.52 | 1089.97 |
| 5/1/2020 | 2099.63 | | | Contractual Payment Due | 5/1/2020 | 19067.77 | | | | | | 172176.33 | | -10310.30 | 3835.52 | 1089.97 |
| 5/4/2020 | | | | MIP Paid | | 19067.77 | | | -211.95 | | | 172176.33 | | -10522.25 | 3835.52 | 1089.97 |
| 5/5/2020 | | 1900.00 | | Funds Received | | 19067.77 | | | | | | 172176.33 | | -10522.25 | 3835.52 | 1089.97 |
| 5/5/2020 | | | | Payments Posting | *7/01/2019 | 17172.97 | 259.21 | 645.66 | 989.93 | | | 171917.12 | | -9532.32 | 3835.52 | 1089.97 |
| 5/5/2020 | | | | Suspense Transaction | | 17172.97 | | | | | 5.20 | 171917.12 | | -9532.32 | 3835.52 | 1095.17 |
| 5/14/2020 | | | 20.00 | Billed - Recoverable Insp Fee | | 17172.97 | | | | 20.00 | | 171917.12 | | -9532.32 | 3855.52 | 1095.17 |
| 5/20/2020 | | 1900.00 | | Funds Received | | 17172.97 | | | | | | 171917.12 | | -9532.32 | 3855.52 | 1095.17 |
| 5/20/2020 | | | -36.00 | Waived Fees | | 17172.97 | | | | -36.00 | | 171917.12 | | -9532.32 | 3819.52 | 1095.17 |
| 5/20/2020 | | | | Suspense Transaction | | 17172.97 | | | | | 1900.00 | 171917.12 | | -9532.32 | 3819.52 | 2995.17 |
| 5/27/2020 | | 979.90 | | Funds Received | | 17172.97 | | | | | | 171917.12 | | -9532.32 | 3819.52 | 2995.17 |
| 5/27/2020 | | | | Suspense Transaction | | 17172.97 | | | | | 979.90 | 171917.12 | | -9532.32 | 3819.52 | 3975.07 |
| 6/1/2020 | 2099.63 | | | Contractual Payment Due | 6/1/2020 | 19272.60 | | | | | | 171917.12 | | -9532.32 | 3819.52 | 3975.07 |
| 6/4/2020 | | | | MIP Paid | | 19272.60 | | | -211.95 | | | 171917.12 | | -9744.27 | 3819.52 | 3975.07 |
| 6/23/2020 | | 475.69 | | Funds Received | | 19272.60 | | | | | | 171917.12 | | -9744.27 | 3819.52 | 3975.07 |
| 6/23/2020 | | | | Suspense Transaction | | 19272.60 | | | | | 475.69 | 171917.12 | | -9744.27 | 3819.52 | 4450.76 |
| 6/24/2020 | | 1900.00 | | Funds Received | | 19272.60 | | | | | | 171917.12 | | -9744.27 | 3819.52 | 4450.76 |
| 6/24/2020 | | | | Suspense Transaction | | 19272.60 | | | | | 3800.00 | 171917.12 | | -9744.27 | 3819.52 | 8250.76 |
| 6/24/2020 | | | | Suspense Transaction | | 19272.60 | | | | | 2550.76 | 171917.12 | | -9744.27 | 3819.52 | 10801.52 |
| 6/24/2020 | | | | Suspense Transaction | | 19272.60 | | | | | 1900.00 | 171917.12 | | -9744.27 | 3819.52 | 12701.52 |
| 6/24/2020 | | | | Suspense Transaction | | 19272.60 | | | | | -1900.00 | 171917.12 | | -9744.27 | 3819.52 | 10801.52 |
| 6/24/2020 | | | | Suspense Transaction | | 19272.60 | | | | | -1900.00 | 171917.12 | | -9744.27 | 3819.52 | 8901.52 |
| 6/24/2020 | | | | Suspense Transaction | | 19272.60 | | | | | -2550.76 | 171917.12 | | -9744.27 | 3819.52 | 6350.76 |
| 7/1/2020 | 1956.70 | | | Contractual Payment Due | 7/1/2020 | 21229.30 | | | | | | 171917.12 | | -9744.27 | 3819.52 | 6350.76 |
| 7/6/2020 | | | | MIP Paid | | 21229.30 | | | -211.95 | | | 171917.12 | | -9956.22 | 3819.52 | 6350.76 |
| 7/14/2020 | | | | Funds Received | | 21229.30 | | | | | | 171917.12 | | -9956.22 | 3819.52 | 6350.76 |
| 7/14/2020 | | | | Payments Posting | *8/01/2019 | 19334.50 | 260.18 | 644.69 | 989.93 | | | 171656.94 | | -8966.29 | 3819.52 | 6350.76 |
| 7/14/2020 | | | | Payments Posting | *9/01/2019 | 17439.70 | 261.16 | 643.71 | 989.93 | | | 171395.78 | | -7976.36 | 3819.52 | 6350.76 |
| 7/14/2020 | | | | Suspense Transaction | | 17439.70 | | | | | 10.40 | 171395.78 | | -7976.36 | 3819.52 | 6361.16 |
| 7/14/2020 | | | | Suspense Transaction | | 17439.70 | | | | | -3800.00 | 171395.78 | | -7976.36 | 3819.52 | 2561.16 |
| 7/15/2020 | | | 181.00 | Billed - Bankruptcy Attorney F | | 17439.70 | | | | 181.00 | | 171395.78 | | -7976.36 | 4000.52 | 2561.16 |
| 7/17/2020 | | | 20.00 | Billed - Recoverable Insp Fee | | 17439.70 | | | | 20.00 | | 171395.78 | | -7976.36 | 4020.52 | 2561.16 |
| 7/24/2020 | | | | Funds Received | | 17439.70 | | | | | | 171395.78 | | -7976.36 | 4020.52 | 2561.16 |
| 7/24/2020 | | | | Payments Posting | *10/01/2019 | 16534.83 | 262.14 | 642.73 | | | | 171133.64 | | -7976.36 | 4020.52 | 2561.16 |
| 7/24/2020 | | | | Payments Posting | *11/01/2019 | 15629.96 | 263.12 | 641.75 | | | | 170870.52 | | -7976.36 | 4020.52 | 2561.16 |
| 7/24/2020 | | | | Suspense Transaction | | 15629.96 | | | | | -904.87 | 170870.52 | | -7976.36 | 4020.52 | 1656.29 |
| 7/24/2020 | | | | Suspense Transaction | | 15629.96 | | | | | -904.87 | 170870.52 | | -7976.36 | 4020.52 | 751.42 |
| 7/27/2020 | | 1900.00 | | Funds Received | | 15629.96 | | | | | | 170870.52 | | -7976.36 | 4020.52 | 751.42 |
| 7/27/2020 | | | | Payments Posting | *12/01/2019 | 13735.16 | 264.11 | 640.76 | 989.93 | | | 170606.41 | | -6986.43 | 4020.52 | 751.42 |
| 7/27/2020 | | | | Suspense Transaction | | 13735.16 | | | | | 5.20 | 170606.41 | | -6986.43 | 4020.52 | 756.62 |
| 8/1/2020 | 1956.70 | | | Contractual Payment Due | 8/1/2020 | 15691.86 | | | | | | 170606.41 | | -6986.43 | 4020.52 | 756.62 |
| 8/4/2020 | | | | MIP Paid | | 15691.86 | | | -211.95 | | | 170606.41 | | -7198.38 | 4020.52 | 756.62 |
| 8/13/2020 | | | | Taxes Paid | | 15691.86 | | | -5005.10 | | | 170606.41 | | -12203.48 | 4020.52 | 756.62 |
| 8/18/2020 | | 1900.00 | | Funds Received | | 15691.86 | | | | | | 170606.41 | | -12203.48 | 4020.52 | 756.62 |
| 8/18/2020 | | | | Payments Posting | *1/01/2020 | 13797.06 | 265.10 | 639.77 | 989.93 | | | 170341.31 | | -11213.55 | 4020.52 | 756.62 |
| 8/18/2020 | | | | Suspense Transaction | | 13797.06 | | | | | 5.20 | 170341.31 | | -11213.55 | 4020.52 | 761.82 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/21/2020 | | | | Insurance Paid | | 13797.06 | | | -2885.00 | | | 170341.31 | | -14098.55 | 4020.52 | 761.82 |
| 9/1/2020 | 1836.08 | | | Contractual Payment Due | 9/1/2020 | 15633.14 | | | | | | 170341.31 | | -14098.55 | 4020.52 | 761.82 |
| 9/3/2020 | | | | MIP Paid | | 15633.14 | | | -211.95 | | | 170341.31 | | -14310.50 | 4020.52 | 761.82 |
| 9/21/2020 | | | 1150.00 | Billed - Bankruptcy Attorney F | | 15633.14 | | | | 1150.00 | | 170341.31 | | -14310.50 | 5170.52 | 761.82 |
| 9/29/2020 | | 1900.00 | | Funds Received | | 15633.14 | | | | | | 170341.31 | | -14310.50 | 5170.52 | 761.82 |
| 9/29/2020 | | | | Payments Posting | *2/01/2020 | 13738.34 | 266.09 | 638.78 | 989.93 | | | 170075.22 | | -13320.57 | 5170.52 | 761.82 |
| 9/29/2020 | | | | Suspense Transaction | | 13738.34 | | | | | 5.20 | 170075.22 | | -13320.57 | 5170.52 | 767.02 |
| 10/1/2020 | 1956.70 | | | Contractual Payment Due | 10/1/2020 | 15695.04 | | | | | | 170075.22 | | -13320.57 | 5170.52 | 767.02 |
| 10/5/2020 | | | | MIP Paid | | 15695.04 | | | -211.95 | | | 170075.22 | | -13532.52 | 5170.52 | 767.02 |
| 10/28/2020 | | 1900.00 | | Funds Received | | 15695.04 | | | | | | 170075.22 | | -13532.52 | 5170.52 | 767.02 |
| 10/28/2020 | | | | Payments Posting | *3/01/2020 | 13800.24 | 267.09 | 637.78 | 989.93 | | | 169808.13 | | -12542.59 | 5170.52 | 767.02 |
| 10/28/2020 | | | | Suspense Transaction | | 13800.24 | | | | | 5.20 | 169808.13 | | -12542.59 | 5170.52 | 772.22 |
| 11/1/2020 | 1956.70 | | | Contractual Payment Due | 11/1/2020 | 15756.94 | | | | | | 169808.13 | | -12542.59 | 5170.52 | 772.22 |
| 11/3/2020 | | | -20.00 | Waived Fees | | 15756.94 | | | | -20.00 | | 169808.13 | | -12542.59 | 5150.52 | 772.22 |
| 11/3/2020 | | | -20.00 | Waived Fees | | 15756.94 | | | | -20.00 | | 169808.13 | | -12542.59 | 5130.52 | 772.22 |
| 11/4/2020 | | | | MIP Paid | | 15756.94 | | | -206.67 | | | 169808.13 | | -12749.26 | 5130.52 | 772.22 |
| 11/20/2020 | | 58.22 | | Funds Received | | 15756.94 | | | | | | 169808.13 | | -12749.26 | 5130.52 | 772.22 |
| 11/20/2020 | | | | Suspense Transaction | | 15756.94 | | | | | 58.22 | 169808.13 | | -12749.26 | 5130.52 | 830.44 |
| 11/25/2020 | | 1900.00 | | Funds Received | | 15756.94 | | | | | | 169808.13 | | -12749.26 | 5130.52 | 830.44 |
| 11/25/2020 | | | | Payments Posting | *4/01/2020 | 13862.14 | 268.09 | 636.78 | 989.93 | | | 169540.04 | | -11759.33 | 5130.52 | 830.44 |
| 11/25/2020 | | | | Suspense Transaction | | 13862.14 | | | | | 5.20 | 169540.04 | | -11759.33 | 5130.52 | 835.64 |
| 12/1/2020 | 1956.70 | | | Contractual Payment Due | 12/1/2020 | 15818.84 | | | | | | 169540.04 | | -11759.33 | 5130.52 | 835.64 |
| 12/3/2020 | | | 300.00 | Billed - Bankruptcy Attorney F | | 15818.84 | | | | 300.00 | | 169540.04 | | -11759.33 | 5430.52 | 835.64 |
| 12/4/2020 | | | | MIP Paid | | 15818.84 | | | -206.67 | | | 169540.04 | | -11966.00 | 5430.52 | 835.64 |
| 12/17/2020 | | 1900.00 | | Funds Received | | 15818.84 | | | | | | 169540.04 | | -11966.00 | 5430.52 | 835.64 |
| 12/17/2020 | | | | Payments Posting | *5/01/2020 | 13719.21 | 269.09 | 635.78 | 1194.76 | | | 169270.95 | | -10771.24 | 5430.52 | 835.64 |
| 12/17/2020 | | | | Suspense Transaction | | 13719.21 | | | | | 1900.00 | 169270.95 | | -10771.24 | 5430.52 | 2735.64 |
| 12/17/2020 | | | | Suspense Transaction | | 13719.21 | | | | | -2099.63 | 169270.95 | | -10771.24 | 5430.52 | 636.01 |
| 12/29/2020 | | 373.84 | | Funds Received | | 13719.21 | | | | | | 169270.95 | | -10771.24 | 5430.52 | 636.01 |
| 12/29/2020 | | | | Suspense Transaction | | 13719.21 | | | | | 373.84 | 169270.95 | | -10771.24 | 5430.52 | 1009.85 |
| 1/1/2021 | 1836.08 | | | Contractual Payment Due | 1/1/2021 | 15555.29 | | | | | | 169270.95 | | -10771.24 | 5430.52 | 1009.85 |
| 1/4/2021 | | | | MIP Paid | | 15555.29 | | | -206.67 | | | 169270.95 | | -10977.91 | 5430.52 | 1009.85 |
| 1/21/2021 | | 2100.00 | | Funds Received | | 15555.29 | | | | | | 169270.95 | | -10977.91 | 5430.52 | 1009.85 |
| 1/21/2021 | | | | Payments Posting | *6/01/2020 | 13455.66 | 270.10 | 634.77 | 1194.76 | | | 169000.85 | | -9783.15 | 5430.52 | 1009.85 |
| 1/21/2021 | | | | Suspense Transaction | | 13455.66 | | | | | 0.37 | 169000.85 | | -9783.15 | 5430.52 | 1010.22 |
| 2/1/2021 | 1836.08 | | | Contractual Payment Due | 2/1/2021 | 15291.74 | | | | | | 169000.85 | | -9783.15 | 5430.52 | 1010.22 |
| 2/4/2021 | | | | MIP Paid | | 15291.74 | | | -206.67 | | | 169000.85 | | -9989.82 | 5430.52 | 1010.22 |
| 2/24/2021 | | 2100.00 | | Funds Received | | 15291.74 | | | | | | 169000.85 | | -9989.82 | 5430.52 | 1010.22 |
| 2/24/2021 | | | | Payments Posting | *7/01/2020 | 13335.04 | 271.12 | 633.75 | 1051.83 | | | 168729.73 | | -8937.99 | 5430.52 | 1010.22 |
| 2/24/2021 | | | | Suspense Transaction | | 13335.04 | | | | | 143.30 | 168729.73 | | -8937.99 | 5430.52 | 1153.52 |
| 2/25/2021 | | | 10.00 | Billed - Payoff Statement | | 13335.04 | | | | 10.00 | | 168729.73 | | -8937.99 | 5440.52 | 1153.52 |
| 2/26/2021 | | -300.00 | | Waived Fees | | 13335.04 | | | | -300.00 | | 168729.73 | | -8937.99 | 5140.52 | 1153.52 |
| 2/26/2021 | | -10.00 | | Waived Fees | | 13335.04 | | | | -10.00 | | 168729.73 | | -8937.99 | 5130.52 | 1153.52 |
| 3/1/2021 | 1956.70 | | | Contractual Payment Due | 3/1/2021 | 15291.74 | | | | | | 168729.73 | | -8937.99 | 5130.52 | 1153.52 |
| 3/1/2021 | | 747.69 | | Funds Received | | 15291.74 | | | | | | 168729.73 | | -8937.99 | 5130.52 | 1153.52 |
| 3/1/2021 | | | | Suspense Transaction | | 15291.74 | | | | | 747.69 | 168729.73 | | -8937.99 | 5130.52 | 1901.21 |
| 3/4/2021 | | | | MIP Paid | | 15291.74 | | | -206.67 | | | 168729.73 | | -9144.66 | 5130.52 | 1901.21 |
| 3/10/2021 | | 2000.00 | | Funds Received | | 15291.74 | | | | | | 168729.73 | | -9144.66 | 5130.52 | 1901.21 |
| 3/10/2021 | | | | Payments Posting | *8/01/2020 | 13335.04 | 272.13 | 632.74 | 1051.83 | | | 168457.60 | | -8092.83 | 5130.52 | 1901.21 |
| 3/10/2021 | | | | Suspense Transaction | | 13335.04 | | | | | 43.30 | 168457.60 | | -8092.83 | 5130.52 | 1944.51 |
| 4/1/2021 | 1956.70 | | | Contractual Payment Due | 4/1/2021 | 15291.74 | | | | | | 168457.60 | | -8092.83 | 5130.52 | 1944.51 |
| 4/2/2021 | | | | Taxes Paid | | 15291.74 | | | -1468.34 | | | 168457.60 | | -9561.17 | 5130.52 | 1944.51 |
| 4/5/2021 | | | | MIP Paid | | 15291.74 | | | -206.67 | | | 168457.60 | | -9767.84 | 5130.52 | 1944.51 |
| 4/23/2021 | | 433.80 | | Funds Received | | 15291.74 | | | | | | 168457.60 | | -9767.84 | 5130.52 | 1944.51 |
| 4/23/2021 | | | | Payments Posting | *9/01/2020 | 13455.66 | 273.15 | 631.72 | 931.21 | | | 168184.45 | | -8836.63 | 5130.52 | 1944.51 |
| 4/23/2021 | | | | Suspense Transaction | | 13455.66 | | | | | 433.80 | 168184.45 | | -8836.63 | 5130.52 | 2378.31 |
| 4/23/2021 | | | | Suspense Transaction | | 13455.66 | | | | | -1836.08 | 168184.45 | | -8836.63 | 5130.52 | 542.23 |
| 5/1/2021 | 1956.70 | | | Contractual Payment Due | 5/1/2021 | 15412.36 | | | | | | 168184.45 | | -8836.63 | 5130.52 | 542.23 |
| 5/4/2021 | | | | MIP Paid | | 15412.36 | | | -206.67 | | | 168184.45 | | -9043.30 | 5130.52 | 542.23 |
| 5/10/2021 | | 2000.00 | | Funds Received | | 15412.36 | | | | | | 168184.45 | | -9043.30 | 5130.52 | 542.23 |
| 5/10/2021 | | | | Payments Posting | *10/01/2020 | 13455.66 | 274.18 | 630.69 | 1051.83 | | | 167910.27 | | -7991.47 | 5130.52 | 542.23 |
| 5/10/2021 | | | | Suspense Transaction | | 13455.66 | | | | | 43.30 | 167910.27 | | -7991.47 | 5130.52 | 585.53 |
| 5/18/2021 | | 2000.00 | | Funds Received | | 13455.66 | | | | | | 167910.27 | | -7991.47 | 5130.52 | 585.53 |
| 5/18/2021 | | | | Payments Posting | *11/01/2020 | 11498.96 | 275.21 | 629.66 | 1051.83 | | | 167635.06 | | -6939.64 | 5130.52 | 585.53 |
| 5/18/2021 | | | | Suspense Transaction | | 11498.96 | | | | | 43.30 | 167635.06 | | -6939.64 | 5130.52 | 628.83 |
| 6/1/2021 | 1836.08 | | | Contractual Payment Due | 6/1/2021 | 13335.04 | | | | | | 167635.06 | | -6939.64 | 5130.52 | 628.83 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/3/2021 | | 2000.00 | | Funds Received | | 13335.04 | | | | | | 167635.06 | | -6939.64 | 5130.52 | 628.83 |
| 6/3/2021 | | | | Payments Posting | *12/01/2020 | 11378.34 | 276.24 | 628.63 | 1051.83 | | | 167358.82 | | -5887.81 | 5130.52 | 628.83 |
| 6/3/2021 | | | | Suspense Transaction | | 11378.34 | | | | | 43.30 | 167358.82 | | -5887.81 | 5130.52 | 672.13 |
| 6/4/2021 | | | | MIP Paid | | 11378.34 | | | -206.67 | | | 167358.82 | | -6094.48 | 5130.52 | 672.13 |
| 6/9/2021 | | 3641.59 | | Funds Received | | 11378.34 | | | | | | 167358.82 | | -6094.48 | 5130.52 | 672.13 |
| 6/9/2021 | | | | Payments Posting | *1/01/2021 | 9542.26 | 277.27 | 627.60 | 931.21 | | | 167081.55 | | -5163.27 | 5130.52 | 672.13 |
| 6/9/2021 | | | | Payments Posting | *2/01/2021 | 7706.18 | 278.31 | 626.56 | 931.21 | | | 166803.24 | | -4232.06 | 5130.52 | 672.13 |
| 6/9/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 3266.75 | 166803.24 | | -4232.06 | 5130.52 | 3938.88 |
| 6/9/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 374.84 | 166803.24 | | -4232.06 | 5130.52 | 4313.72 |
| 6/9/2021 | | | | Suspense Transaction | | 7706.18 | | | | | -1836.08 | 166803.24 | | -4232.06 | 5130.52 | 2477.64 |
| 6/9/2021 | | | | Suspense Transaction | | 7706.18 | | | | | -1836.08 | 166803.24 | | -4232.06 | 5130.52 | 641.56 |
| 6/25/2021 | | 501.32 | | Funds Received | | 7706.18 | | | | | | 166803.24 | | -4232.06 | 5130.52 | 641.56 |
| 6/25/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 374.84 | 166803.24 | | -4232.06 | 5130.52 | 1016.40 |
| 6/25/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 126.48 | 166803.24 | | -4232.06 | 5130.52 | 1142.88 |
| 7/1/2021 | 1956.70 | | | Contractual Payment Due | 7/1/2021 | 9662.88 | | | | | | 166803.24 | | -4232.06 | 5130.52 | 1142.88 |
| 7/2/2021 | | | | MIP Paid | | 9662.88 | | | -206.67 | | | 166803.24 | | -4438.73 | 5130.52 | 1142.88 |
| 7/27/2021 | | 2000.00 | | Funds Received | | 9662.88 | | | | | | 166803.24 | | -4438.73 | 5130.52 | 1142.88 |
| 7/27/2021 | | | | Payments Posting | *3/01/2021 | 7706.18 | 279.36 | 625.51 | 1051.83 | | | 166523.88 | | -3386.90 | 5130.52 | 1142.88 |
| 7/27/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 43.30 | 166523.88 | | -3386.90 | 5130.52 | 1186.18 |
| 7/28/2021 | | 501.32 | | Funds Received | | 7706.18 | | | | | | 166523.88 | | -3386.90 | 5130.52 | 1186.18 |
| 7/28/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 374.84 | 166523.88 | | -3386.90 | 5130.52 | 1561.02 |
| 7/28/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 126.48 | 166523.88 | | -3386.90 | 5130.52 | 1687.50 |
| 8/1/2021 | 1956.70 | | | Contractual Payment Due | 8/1/2021 | 9662.88 | | | | | | 166523.88 | | -3386.90 | 5130.52 | 1687.50 |
| 8/4/2021 | | | | MIP Paid | | 9662.88 | | | -206.67 | | | 166523.88 | | -3593.57 | 5130.52 | 1687.50 |
| 8/16/2021 | | | | Taxes Paid | | 9662.88 | | | -5005.10 | | | 166523.88 | | -8598.67 | 5130.52 | 1687.50 |
| 8/17/2021 | | 2000.00 | | Funds Received | | 9662.88 | | | | | | 166523.88 | | -8598.67 | 5130.52 | 1687.50 |
| 8/17/2021 | | | | Payments Posting | *4/01/2021 | 7706.18 | 280.41 | 624.46 | 1051.83 | | | 166243.47 | | -7546.84 | 5130.52 | 1687.50 |
| 8/17/2021 | | | | Insurance Paid | | 7706.18 | | | -2619.00 | | | 166243.47 | | -10165.84 | 5130.52 | 1687.50 |
| 8/17/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 43.30 | 166243.47 | | -10165.84 | 5130.52 | 1730.80 |
| 8/18/2021 | | 501.32 | | Funds Received | | 7706.18 | | | | | | 166243.47 | | -10165.84 | 5130.52 | 1730.80 |
| 8/18/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 374.84 | 166243.47 | | -10165.84 | 5130.52 | 2105.64 |
| 8/18/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 126.48 | 166243.47 | | -10165.84 | 5130.52 | 2232.12 |
| 9/1/2021 | 1956.70 | | | Contractual Payment Due | 9/1/2021 | 9662.88 | | | | | | 166243.47 | | -10165.84 | 5130.52 | 2232.12 |
| 9/3/2021 | | | | MIP Paid | | 9662.88 | | | -206.67 | | | 166243.47 | | -10372.51 | 5130.52 | 2232.12 |
| 9/21/2021 | | 2000.00 | | Funds Received | | 9662.88 | | | | | | 166243.47 | | -10372.51 | 5130.52 | 2232.12 |
| 9/21/2021 | | | | Payments Posting | *5/01/2021 | 7706.18 | 281.46 | 623.41 | 1051.83 | | | 165962.01 | | -9320.68 | 5130.52 | 2232.12 |
| 9/21/2021 | | | | Suspense Transaction | | 7706.18 | | | | | 43.30 | 165962.01 | | -9320.68 | 5130.52 | 2275.42 |
| 9/22/2021 | | 501.32 | | Funds Received | | 7706.18 | | | | | | 165962.01 | | -9320.68 | 5130.52 | 2275.42 |
| 9/22/2021 | | | | Payments Posting | *6/01/2021 | 5870.10 | 282.51 | 622.36 | 931.21 | | | 165679.50 | | -8389.47 | 5130.52 | 2275.42 |
| 9/22/2021 | | | | Suspense Transaction | | 5870.10 | | | | | 374.84 | 165679.50 | | -8389.47 | 5130.52 | 2650.26 |
| 9/22/2021 | | | | Suspense Transaction | | 5870.10 | | | | | 126.48 | 165679.50 | | -8389.47 | 5130.52 | 2776.74 |
| 9/22/2021 | | | | Suspense Transaction | | 5870.10 | | | | | -1836.08 | 165679.50 | | -8389.47 | 5130.52 | 940.66 |
| 10/1/2021 | 1894.80 | | | Contractual Payment Due | 10/1/2021 | 7764.90 | | | | | | 165679.50 | | -8389.47 | 5130.52 | 940.66 |
| 10/4/2021 | | | | MIP Paid | | 7764.90 | | | -206.67 | | | 165679.50 | | -8596.14 | 5130.52 | 940.66 |
| 10/20/2021 | | 2000.00 | | Funds Received | | 7764.90 | | | | | | 165679.50 | | -8596.14 | 5130.52 | 940.66 |
| 10/20/2021 | | | | Payments Posting | *7/01/2021 | 5808.20 | 283.57 | 621.30 | 1051.83 | | | 165395.93 | | -7544.31 | 5130.52 | 940.66 |
| 10/21/2021 | | | | Suspense Transaction | | 5808.20 | | | | | 43.30 | 165395.93 | | -7544.31 | 5130.52 | 983.96 |
| 10/21/2021 | | 501.32 | | Funds Received | | 5808.20 | | | | | | 165395.93 | | -7544.31 | 5130.52 | 983.96 |
| 10/21/2021 | | | | Suspense Transaction | | 5808.20 | | | | | 374.84 | 165395.93 | | -7544.31 | 5130.52 | 1358.80 |
| 10/21/2021 | | | | Suspense Transaction | | 5808.20 | | | | | 126.48 | 165395.93 | | -7544.31 | 5130.52 | 1485.28 |
| 11/1/2021 | 1956.70 | | | Contractual Payment Due | 11/1/2021 | 7764.90 | | | | | | 165395.93 | | -7544.31 | 5130.52 | 1485.28 |
| 11/3/2021 | | | 900.00 | Billed - Acquisition Advances | | 7764.90 | | | | 900.00 | | 165395.93 | | -7544.31 | 6030.52 | 1485.28 |
| 11/3/2021 | | | -900.00 | Waived Fees | | 7764.90 | | | | -900.00 | | 165395.93 | | -7544.31 | 5130.52 | 1485.28 |
| 11/4/2021 | | | | MIP Paid | | 7764.90 | | | -201.19 | | | 165395.93 | | -7745.50 | 5130.52 | 1485.28 |
| 11/19/2021 | | 2501.31 | | Funds Received | | 7764.90 | | | | | | 165395.93 | | -7745.50 | 5130.52 | 1485.28 |
| 11/19/2021 | | | | Payments Posting | *8/01/2021 | 5808.20 | 284.64 | 620.23 | 1051.83 | | | 165111.29 | | -6693.67 | 5130.52 | 1485.28 |
| 11/19/2021 | | | | Suspense Transaction | | 5808.20 | | | | | 374.84 | 165111.29 | | -6693.67 | 5130.52 | 1860.12 |
| 11/19/2021 | | | | Suspense Transaction | | 5808.20 | | | | | 126.47 | 165111.29 | | -6693.67 | 5130.52 | 1986.59 |
| 11/19/2021 | | | | Suspense Transaction | | 5808.20 | | | | | 43.30 | 165111.29 | | -6693.67 | 5130.52 | 2029.89 |
| 12/1/2021 | 1913.70 | | | Contractual Payment Due | 12/1/2021 | 7721.90 | | | | | | 165111.29 | | -6693.67 | 5130.52 | 2029.89 |
| 12/6/2021 | | | | MIP Paid | | 7721.90 | | | -201.19 | | | 165111.29 | | -6894.86 | 5130.52 | 2029.89 |
| 12/28/2021 | | 2000.00 | | Funds Received | | 7721.90 | | | | | | 165111.29 | | -6894.86 | 5130.52 | 2029.89 |
| 12/28/2021 | | | | Payments Posting | *9/01/2021 | 5765.20 | 285.70 | 619.17 | 1051.83 | | | 164825.59 | | -5843.03 | 5130.52 | 2029.89 |
| 12/28/2021 | | | | Suspense Transaction | | 5765.20 | | | | | 43.30 | 164825.59 | | -5843.03 | 5130.52 | 2073.19 |
| 1/1/2022 | 1913.70 | | | Contractual Payment Due | 1/1/2022 | 7678.90 | | | | | | 164825.59 | | -5843.03 | 5130.52 | 2073.19 |
| 1/4/2022 | | | | MIP Paid | | 7678.90 | | | -201.19 | | | 164825.59 | | -6044.22 | 5130.52 | 2073.19 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/21/2022 | | | -20.00 | Waived Fees | | 7678.90 | | | | -20.00 | | 164825.59 | | -6044.22 | 5110.52 | 2073.19 |
| 1/28/2022 | | 1002.64 | | Funds Received | | 7678.90 | | | | | | 164825.59 | | -6044.22 | 5110.52 | 2073.19 |
| 1/28/2022 | | | | Payments Posting | *10/01/2021 | 5784.10 | 286.77 | 618.10 | 989.93 | | | 164538.82 | | -5054.29 | 5110.52 | 2073.19 |
| 1/28/2022 | | | | Suspense Transaction | | 5784.10 | | | | | 749.68 | 164538.82 | | -5054.29 | 5110.52 | 2822.87 |
| 1/28/2022 | | | | Suspense Transaction | | 5784.10 | | | | | 252.96 | 164538.82 | | -5054.29 | 5110.52 | 3075.83 |
| 1/28/2022 | | | | Suspense Transaction | | 5784.10 | | | | | -1894.80 | 164538.82 | | -5054.29 | 5110.52 | 1181.03 |
| 2/1/2022 | 1894.80 | | | Contractual Payment Due | 2/1/2022 | 7678.90 | | | | | | 164538.82 | | -5054.29 | 5110.52 | 1181.03 |
| 2/1/2022 | | 2000.00 | | Funds Received | | 7678.90 | | | | | | 164538.82 | | -5054.29 | 5110.52 | 1181.03 |
| 2/1/2022 | | | | Payments Posting | *11/01/2021 | 5722.20 | 287.85 | 617.02 | 1051.83 | | | 164250.97 | | -4002.46 | 5110.52 | 1181.03 |
| 2/1/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 43.30 | 164250.97 | | -4002.46 | 5110.52 | 1224.33 |
| 2/1/2022 | | | | MIP Paid | | 5722.20 | | | -201.19 | | | 164250.97 | | -4203.65 | 5110.52 | 1224.33 |
| 2/4/2022 | | 501.32 | | Funds Received | | 5722.20 | | | | | | 164250.97 | | -4203.65 | 5110.52 | 1224.33 |
| 2/22/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 374.84 | 164250.97 | | -4203.65 | 5110.52 | 1599.17 |
| 2/22/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 126.48 | 164250.97 | | -4203.65 | 5110.52 | 1725.65 |
| 3/1/2022 | 1913.70 | | | Contractual Payment Due | 3/1/2022 | 7635.90 | | | | | | 164250.97 | | -4203.65 | 5110.52 | 1725.65 |
| 3/3/2022 | | 2000.00 | | Funds Received | | 7635.90 | | | | | | 164250.97 | | -4203.65 | 5110.52 | 1725.65 |
| 3/3/2022 | | | | Payments Posting | *12/01/2021 | 5722.20 | 288.93 | 615.94 | 1008.83 | | | 163962.04 | | -3194.82 | 5110.52 | 1725.65 |
| 3/3/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 86.30 | 163962.04 | | -3194.82 | 5110.52 | 1811.95 |
| 3/4/2022 | | | | MIP Paid | | 5722.20 | | | -201.19 | | | 163962.04 | | -3396.01 | 5110.52 | 1811.95 |
| 3/30/2022 | | 1950.00 | | Funds Received | | 5722.20 | | | | | | 163962.04 | | -3396.01 | 5110.52 | 1811.95 |
| 3/30/2022 | | | | Payments Posting | *1/01/2022 | 3808.50 | 290.01 | 614.86 | 1008.83 | | | 163672.03 | | -2387.18 | 5110.52 | 1811.95 |
| 3/30/2022 | | | | Suspense Transaction | | 3808.50 | | | | | 36.30 | 163672.03 | | -2387.18 | 5110.52 | 1848.25 |
| 3/31/2022 | | | | Taxes Paid | | 3808.50 | | | -1468.34 | | | 163672.03 | | -3855.52 | 5110.52 | 1848.25 |
| 4/1/2022 | 1894.80 | | | Contractual Payment Due | 4/1/2022 | 5703.30 | | | | | | 163672.03 | | -3855.52 | 5110.52 | 1848.25 |
| 4/4/2022 | | | | MIP Paid | | 5703.30 | | | -201.19 | | | 163672.03 | | -4056.71 | 5110.52 | 1848.25 |
| 4/26/2022 | | 1002.63 | | Funds Received | | 5703.30 | | | | | | 163672.03 | | -4056.71 | 5110.52 | 1848.25 |
| 4/26/2022 | | | | Payments Posting | *2/01/2022 | 3808.50 | 291.10 | 613.77 | 989.93 | | | 163380.93 | | -3066.78 | 5110.52 | 1848.25 |
| 4/26/2022 | | | | Suspense Transaction | | 3808.50 | | | | | 749.68 | 163380.93 | | -3066.78 | 5110.52 | 2597.93 |
| 4/26/2022 | | | | Suspense Transaction | | 3808.50 | | | | | 252.95 | 163380.93 | | -3066.78 | 5110.52 | 2850.88 |
| 4/26/2022 | | | | Suspense Transaction | | 3808.50 | | | | | -1894.80 | 163380.93 | | -3066.78 | 5110.52 | 956.08 |
| 5/1/2022 | 1913.70 | | | Contractual Payment Due | 5/1/2022 | 5722.20 | | | | | | 163380.93 | | -3066.78 | 5110.52 | 956.08 |
| 5/4/2022 | | | | MIP Paid | | 5722.20 | | | -201.19 | | | 163380.93 | | -3267.97 | 5110.52 | 956.08 |
| 5/24/2022 | | 501.33 | | Funds Received | | 5722.20 | | | | | | 163380.93 | | -3267.97 | 5110.52 | 956.08 |
| 5/24/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 374.85 | 163380.93 | | -3267.97 | 5110.52 | 1330.93 |
| 5/24/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 126.48 | 163380.93 | | -3267.97 | 5110.52 | 1457.41 |
| 6/1/2022 | 1913.70 | | | Contractual Payment Due | 6/1/2022 | 7635.90 | | | | | | 163380.93 | | -3267.97 | 5110.52 | 1457.41 |
| 6/6/2022 | | | | MIP Paid | | 7635.90 | | | -201.19 | | | 163380.93 | | -3469.16 | 5110.52 | 1457.41 |
| 6/15/2022 | | 1975.00 | | Funds Received | | 7635.90 | | | | | | 163380.93 | | -3469.16 | 5110.52 | 1457.41 |
| 6/15/2022 | | | | Payments Posting | *3/01/2022 | 5722.20 | 292.19 | 612.68 | 1008.83 | | | 163088.74 | | -2460.33 | 5110.52 | 1457.41 |
| 6/15/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 61.30 | 163088.74 | | -2460.33 | 5110.52 | 1518.71 |
| 6/23/2022 | | 501.32 | | Funds Received | | 5722.20 | | | | | | 163088.74 | | -2460.33 | 5110.52 | 1518.71 |
| 6/23/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 374.83 | 163088.74 | | -2460.33 | 5110.52 | 1893.54 |
| 6/23/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 126.49 | 163088.74 | | -2460.33 | 5110.52 | 2020.03 |
| 7/1/2022 | 1913.70 | | | Contractual Payment Due | 7/1/2022 | 7635.90 | | | | | | 163088.74 | | -2460.33 | 5110.52 | 2020.03 |
| 7/5/2022 | | | | MIP Paid | | 7635.90 | | | -201.19 | | | 163088.74 | | -2661.52 | 5110.52 | 2020.03 |
| 7/20/2022 | | | | Funds Received | | 7635.90 | | | | | | 163088.74 | | -2661.52 | 5110.52 | 2020.03 |
| 7/26/2022 | | 501.31 | | Funds Received | | 7635.90 | | | | | | 163088.74 | | -2661.52 | 5110.52 | 2020.03 |
| 7/26/2022 | | | | Suspense Transaction | | 7635.90 | | | | | 374.84 | 163088.74 | | -2661.52 | 5110.52 | 2394.87 |
| 7/26/2022 | | | | Suspense Transaction | | 7635.90 | | | | | 126.47 | 163088.74 | | -2661.52 | 5110.52 | 2521.34 |
| 8/1/2022 | 1894.80 | | | Contractual Payment Due | 8/1/2022 | 9530.70 | | | | | | 163088.74 | | -2661.52 | 5110.52 | 2521.34 |
| 8/3/2022 | | | | Funds Received | | 9530.70 | | | | | | 163088.74 | | -2661.52 | 5110.52 | 2521.34 |
| 8/3/2022 | | | | Taxes Paid | | 9530.70 | | | -5005.10 | | | 163088.74 | | -7666.62 | 5110.52 | 2521.34 |
| 8/4/2022 | | | | MIP Paid | | 9530.70 | | | -201.19 | | | 163088.74 | | -7867.81 | 5110.52 | 2521.34 |
| 8/4/2022 | | | 20.00 | Billed - Recoverable Insp Fee | | 9530.70 | | | | 20.00 | | 163088.74 | | -7867.81 | 5130.52 | 2521.34 |
| 8/16/2022 | | | | Insurance Paid | | 9530.70 | | | -2977.00 | | | 163088.74 | | -10844.81 | 5130.52 | 2521.34 |
| 8/25/2022 | | 501.32 | | Funds Received | | 9530.70 | | | | | | 163088.74 | | -10844.81 | 5130.52 | 2521.34 |
| 8/25/2022 | | | | Payments Posting | *4/01/2022 | 7635.90 | 293.29 | 611.58 | 989.93 | | | 162795.45 | | -9854.88 | 5130.52 | 2521.34 |
| 8/25/2022 | | | | Suspense Transaction | | 7635.90 | | | | | 374.85 | 162795.45 | | -9854.88 | 5130.52 | 2896.19 |
| 8/25/2022 | | | | Suspense Transaction | | 7635.90 | | | | | 126.47 | 162795.45 | | -9854.88 | 5130.52 | 3022.66 |
| 8/25/2022 | | | | Suspense Transaction | | 7635.90 | | | | | -1894.80 | 162795.45 | | -9854.88 | 5130.52 | 1127.86 |
| 9/1/2022 | 1,913.70 | | | Contractual Payment Due | 9/1/2022 | 9549.60 | | | | | | 162795.45 | | -9854.88 | 5130.52 | 1127.86 |
| 9/1/2022 | | | 20.00 | Billed - Recoverable Insp Fee | | 9549.60 | | | | 20.00 | | 162795.45 | | -9854.88 | 5150.52 | 1127.86 |
| 9/2/2022 | | | | MIP Paid | | 9549.60 | | | -201.19 | | | 162795.45 | | -10056.07 | 5150.52 | 1127.86 |
| 9/9/2022 | | 1975.00 | | Funds Received | | 9549.60 | | | | | | 162795.45 | | -10056.07 | 5150.52 | 1127.86 |
| 9/9/2022 | | | | Suspense Transaction | | 9549.60 | | | | | 1975.00 | 162795.45 | | -10056.07 | 5150.52 | 3102.86 |
| 9/12/2022 | | | | Funds Received | | 9549.60 | | | | | | 162795.45 | | -10056.07 | 5150.52 | 3102.86 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/12/2022 | | | | Payments Posting | *5/01/2022 | 7635.90 | 294.39 | 610.48 | 1008.83 | | | 162501.06 | | -9047.24 | 5150.52 | 3102.86 |
| 9/12/2022 | | | | Suspense Transaction | | 7635.90 | | | | | 61.30 | 162501.06 | | -9047.24 | 5150.52 | 3164.16 |
| 9/12/2022 | | | | Suspense Transaction | | 7635.90 | | | | | -1975.00 | 162501.06 | | -9047.24 | 5150.52 | 1189.16 |
| 10/1/2022 | 1913.70 | | | Contractual Payment Due | 10/1/2022 | 9549.60 | | | | | | 162501.06 | | -9047.24 | 5150.52 | 1189.16 |
| 10/4/2022 | | 3950.00 | | Funds Received | | 9549.60 | | | | | | 162501.06 | | -9047.24 | 5150.52 | 1189.16 |
| 10/4/2022 | | | | MIP Paid | | 9549.60 | | | -201.19 | | | 162501.06 | | -9248.43 | 5150.52 | 1189.16 |
| 10/4/2022 | | | | Suspense Transaction | | 9549.60 | | | | | 3950.00 | 162501.06 | | -9248.43 | 5150.52 | 5139.16 |
| 10/5/2022 | | | 20.00 | Billed - Recoverable Insp Fee | | 9549.60 | | | | 20.00 | | 162501.06 | | -9248.43 | 5170.52 | 5139.16 |
| 10/16/2022 | | | | Late Fee for Uncollected Pmt | 10/1/2022 | 9549.60 | | | | | | 162501.06 | | -9248.43 | 5170.52 | 5139.16 |
| 10/25/2022 | | 501.32 | | Funds Received | | 9549.60 | | | | | | 162501.06 | | -9248.43 | 5170.52 | 5139.16 |
| 10/25/2022 | | | | Suspense Transaction | | 9549.60 | | | | | 374.84 | 162501.06 | | -9248.43 | 5170.52 | 5514.00 |
| 10/25/2022 | | | | Suspense Transaction | | 9549.60 | | | | | 126.48 | 162501.06 | | -9248.43 | 5170.52 | 5640.48 |
| 10/27/2022 | | | | Funds Received | | 9549.60 | | | | | | 162501.06 | | -9248.43 | 5170.52 | 5640.48 |
| 10/27/2022 | | | | Payments Posting | *6/01/2022 | 7635.90 | 295.49 | 609.38 | 1008.83 | | | 162205.57 | | -8239.60 | 5170.52 | 5640.48 |
| 10/27/2022 | | | | Payments Posting | *7/01/2022 | 5722.20 | 296.60 | 608.27 | 1008.83 | | | 161908.97 | | -7230.77 | 5170.52 | 5640.48 |
| 10/27/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 701.94 | 161908.97 | | -7230.77 | 5170.52 | 6342.42 |
| 10/27/2022 | | | | Suspense Transaction | | 5722.20 | | | | | 122.60 | 161908.97 | | -7230.77 | 5170.52 | 6465.02 |
| 10/27/2022 | | | | Suspense Transaction | | 5722.20 | | | | | -701.94 | 161908.97 | | -7230.77 | 5170.52 | 5763.08 |
| 10/27/2022 | | | | Suspense Transaction | | 5722.20 | | | | | -3950.00 | 161908.97 | | -7230.77 | 5170.52 | 1813.08 |
| 11/1/2022 | 1913.70 | | | Contractual Payment Due | 11/1/2022 | 7635.90 | | | | | | 161908.97 | | -7230.77 | 5170.52 | 1813.08 |
| 11/4/2022 | | | | MIP Paid | | 7635.90 | | | -195.48 | | | 161908.97 | | -7426.25 | 5170.52 | 1813.08 |
| 11/9/2022 | | | 50.00 | Billed - Expense Advances | | 7635.90 | | | | 50.00 | | 161908.97 | | -7426.25 | 5220.52 | 1813.08 |
| 11/14/2022 | | | 300.00 | Billed - Expense Advances | | 7635.90 | | | | 300.00 | | 161908.97 | | -7426.25 | 5520.52 | 1813.08 |
| 11/16/2022 | | | | Late Fee for Uncollected Pmt | 11/1/2022 | 7635.90 | | | | | | 161908.97 | | -7426.25 | 5520.52 | 1813.08 |
| 11/22/2022 | | 1002.64 | | Funds Received | | 7635.90 | | | | | | 161908.97 | | -7426.25 | 5520.52 | 1813.08 |
| 11/22/2022 | | | | Payments Posting | *8/01/2022 | 5741.10 | 297.71 | 607.16 | 989.93 | | | 161611.26 | | -6436.32 | 5520.52 | 1813.08 |
| 11/22/2022 | | | | Suspense Transaction | | 5741.10 | | | | | 749.68 | 161611.26 | | -6436.32 | 5520.52 | 2562.76 |
| 11/22/2022 | | | | Suspense Transaction | | 5741.10 | | | | | 252.96 | 161611.26 | | -6436.32 | 5520.52 | 2815.72 |
| 11/22/2022 | | | | Suspense Transaction | | 5741.10 | | | | | -1894.80 | 161611.26 | | -6436.32 | 5520.52 | 920.92 |
| 12/1/2022 | 1913.70 | | | Contractual Payment Due | 12/1/2022 | 7654.80 | | | | | | 161611.26 | | -6436.32 | 5520.52 | 920.92 |
| 12/2/2022 | | | | MIP Paid | | 7654.80 | | | -195.48 | | | 161611.26 | | -6631.80 | 5520.52 | 920.92 |
| 12/23/2022 | | 501.32 | | Funds Received | | 7654.80 | | | | | 501.32 | 161611.26 | | -6631.80 | 5520.52 | 1422.24 |
| 1/1/2023 | 1913.70 | | | Contractual Payment Due | 1/1/2023 | 9568.50 | | | | | | 161611.26 | | -6631.80 | 5520.52 | 1422.24 |
| 1/4/2023 | | | | MIP Paid | | 9568.50 | | | -195.48 | | | 161611.26 | | -6827.28 | 5520.52 | 1422.24 |
| 1/25/2023 | | | 100.00 | Billed- Expense Advances | | 9568.50 | | | | 100.00 | | 161611.26 | | -6827.28 | 5620.52 | 1422.24 |
| 2/1/2023 | 1913.70 | | | Contractual Payment Due | 2/1/2023 | 11482.20 | | | | | | 161611.26 | | -6827.28 | 5620.52 | 1422.24 |
| 2/1/2023 | | | 20.00 | Billed- Recoverable Insp Fee | | 11482.20 | | | | 20.00 | | 161611.26 | | -6827.28 | 5640.52 | 1422.24 |
| 2/3/2023 | | | | MIP Paid | | 11482.20 | | | -195.48 | | | 161611.26 | | -7022.76 | 5640.52 | 1422.24 |
| 2/10/2023 | | | 150.00 | Billed- Expense Advances | | 11482.20 | | | | 150.00 | | 161611.26 | | -7022.76 | 5790.52 | 1422.24 |
| 2/16/2023 | | | 500.00 | Billed- Expense Advances | | 11482.20 | | | | 500.00 | | 161611.26 | | -7022.76 | 6290.52 | 1422.24 |
| 3/1/2023 | 1953.85 | | | Contractual Payment Due | 3/1/2023 | 13436.05 | | | | | | 161611.26 | | -7022.76 | 6290.52 | 1422.24 |
| 3/6/2023 | | | | MIP Paid | | 13436.05 | | | -195.48 | | | 161611.26 | | -7218.24 | 6290.52 | 1422.24 |
| 3/10/2023 | | 501.33 | | Funds Received | | 13436.05 | | | | | 501.33 | 161611.26 | | -7218.24 | 6290.52 | 1923.57 |
| 3/15/2023 | | 35.30 | | Funds Received | | 13436.05 | | | | | 35.30 | 161611.26 | | -7218.24 | 6290.52 | 1958.87 |
| 3/16/2023 | | | 20.00 | Billed- Recoverable Insp Fee | | 13436.05 | | | | 20.00 | | 161611.26 | | -7218.24 | 6310.52 | 1958.87 |
| 3/17/2023 | | | 50.00 | Billed- Expense Advances | | 13436.05 | | | | 50.00 | | 161611.26 | | -7218.24 | 6360.52 | 1958.87 |
| 4/1/2023 | 1953.85 | | | Contractual Payment Due | 4/1/2023 | 15389.90 | | | | | | 161611.26 | | -7218.24 | 6360.52 | 1958.87 |
| 4/3/2023 | | | | Taxes Paid | | 15389.90 | | | -1504.09 | | | 161611.26 | | -8722.33 | 6360.52 | 1958.87 |
| 4/4/2023 | | | | MIP Paid | | 15389.90 | | | -195.48 | | | 161611.26 | | -8917.81 | 6360.52 | 1958.87 |
| 4/5/2023 | | 513.23 | | Funds Received | | 15389.90 | | | | | 513.23 | 161611.26 | | -8917.81 | 6360.52 | 2472.10 |
| 4/5/2023 | | | | Payments Posting | *9/01/2022 | 13476.20 | 298.83 | 606.04 | 1008.83 | | -1913.70 | 161312.43 | | -7908.98 | 6360.52 | 558.40 |
| 4/13/2023 | | | 250.00 | Billed- Expense Advances | | 13476.20 | | | | 250.00 | | 161312.43 | | -7908.98 | 6610.52 | 558.40 |
| 4/19/2023 | | | 20.00 | Billed- Recoverable Insp Fee | | 13476.20 | | | | 20.00 | | 161312.43 | | -7908.98 | 6630.52 | 558.40 |
| 4/20/2023 | | | 150.00 | Billed- Expense Advances | | 13476.20 | | | | 150.00 | | 161312.43 | | -7908.98 | 6780.52 | 558.40 |
| 5/1/2023 | 1953.85 | | | Contractual Payment Due | 5/1/2023 | 15430.05 | | | | | | 161312.43 | | -7908.98 | 6780.52 | 558.40 |
| 5/1/2023 | | 501.32 | | Funds Received | | 15430.05 | | | | | 501.31 | 161312.43 | | -7908.98 | 6780.52 | 1059.71 |
| 5/3/2023 | | | | MIP Paid | | 15430.05 | | | -195.48 | | | 161312.43 | | -8104.46 | 6780.52 | 1059.71 |
| 5/18/2023 | | | 20.00 | Billed- Recoverable Insp Fee | | 15430.05 | | | | 20.00 | | 161312.43 | | -8104.46 | 6800.52 | 1059.71 |
| 6/1/2023 | 1953.85 | | | Contractual Payment Due | 6/1/2023 | 17383.90 | | | | | | 161312.43 | | -8104.46 | 6800.52 | 1059.71 |
| 6/5/2023 | | | | MIP Paid | | 17383.90 | | | -195.48 | | | 161312.43 | | -8299.94 | 6800.52 | 1059.71 |
| 6/12/2023 | | | 150.00 | Billed- Bankruptcy Attorney fee | | 17383.90 | | | | 150.00 | | 161312.43 | | -8299.94 | 6950.52 | 1059.71 |
| 6/15/2023 | | | 20.00 | Billed-Recoverable Insp Fee | | 17383.90 | | | | 20.00 | | 161312.43 | | -8299.94 | 6970.52 | 1059.71 |
| 6/15/2023 | | | 150.00 | Billed- Bankruptcy Attorney fee | | 17383.90 | | | | 150.00 | | 161312.43 | | -8299.94 | 7120.52 | 1059.71 |
| 7/1/2023 | 1953.85 | | | Contractual Payment Due | 7/1/2023 | 19337.75 | | | | | | 161312.43 | | -8299.94 | 7120.52 | 1059.71 |
| 7/3/2023 | | | | MIP Paid | | 19337.75 | | | -195.48 | | | 161312.43 | | -8495.42 | 7120.52 | 1059.71 |
| 7/12/2023 | | | 20.00 | Billed-Recoverable Insp Fee | | 19337.75 | | | | 20.00 | | 161312.43 | | -8495.42 | 7140.52 | 1059.71 |

| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & Esc Past Due Balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied Funds | M. Principal Balance | N. Accrued Interest Balance | O. Escrow Balance | P. Fees/ Charges Balance | Q. Unapplied Funds Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/1/2023 | 1953.85 | | | Contractual Payment Due | 8/1/2023 | 21291.60 | | | | | | 161312.43 | | -8495.42 | 7140.52 | 1059.71 |
| 8/3/2023 | | | | MIP Paid | | 21291.60 | | | -195.48 | | | 161312.43 | | -8690.90 | 7140.52 | 1059.71 |
| 8/4/2023 | | | | Taxes Paid | | 21291.60 | | | -5005.10 | | | 161312.43 | | -13696.00 | 7140.52 | 1059.71 |
| 8/9/2023 | | | 20.00 | Billed-Recoverable Insp Fee | | 21291.60 | | | | 20.00 | | 161312.43 | | -13696.00 | 7160.52 | 1059.71 |
| 8/15/2023 | | | | Insurance Paid | | 21291.60 | | | -3252.00 | | | 161312.43 | | -16948.00 | 7160.52 | 1059.71 |
| 8/23/2023 | | | 265.00 | Billed- Expense Advances | | 21291.60 | | | | 265.00 | | 161312.43 | | -16948.00 | 7425.52 | 1059.71 |
| 8/23/2023 | | | 269.54 | Billed- Expense Advances | | 21291.60 | | | | 269.54 | | 161312.43 | | -16948.00 | 7695.06 | 1059.71 |
| 8/23/2023 | | | 1725.00 | Billed- Expense Advances | | 21291.60 | | | | 1725.00 | | 161312.43 | | -16948.00 | 9420.06 | 1059.71 |
| 9/1/2023 | 1953.85 | | | Contractual Payment Due | 9/1/2023 | 23245.45 | | | | | | 161312.43 | | -16948.00 | 9420.06 | 1059.71 |
| 9/5/2023 | | | | MIP Paid | | 23245.45 | | | -195.48 | | | 161312.43 | | -17143.48 | 9420.06 | 1059.71 |
| 9/15/2023 | | | 20.00 | Billed- Recoverable Insp Fee | | 23245.45 | | | | 20.00 | | 161312.43 | | -17143.48 | 9440.06 | 1059.71 |
| 9/21/2023 | | | 150.00 | Billed- Expense Advances | | 23245.45 | | | | 150.00 | | 161312.43 | | -17143.48 | 9590.06 | 1059.71 |
| 9/21/2023 | | | 690.00 | Billed- Expense Advances | | 23245.45 | | | | 690.00 | | 161312.43 | | -17143.48 | 10280.06 | 1059.71 |
| 10/1/2023 | 1953.85 | | | Contractual Payment Due | 10/1/2023 | 25199.30 | | | | | | 161312.43 | | -17143.48 | 10280.06 | 1059.71 |
| 10/3/2023 | | | | MIP Paid | | 25199.30 | | | -195.48 | | | 161312.43 | | -17338.96 | 10280.06 | 1059.71 |
| 10/12/2023 | | | 20.00 | Billed- Recoverable Insp Fee | | 25199.30 | | | | 20.00 | | 161312.43 | | -17338.96 | 10300.06 | 1059.71 |
| 10/25/2023 | | | 2000.00 | Billed- Expense Advances | | 25199.30 | | | | 2000.00 | | 161312.43 | | -17338.96 | 12300.06 | 1059.71 |
| 10/25/2023 | | | 1.26 | Billed- Expense Advances | | 25199.30 | | | | 1.26 | | 161312.43 | | -17338.96 | 12301.32 | 1059.71 |
| 10/25/2023 | | | 16.10 | Billed- Expense Advances | | 25199.30 | | | | 16.10 | | 161312.43 | | -17338.96 | 12317.42 | 1059.71 |
| 10/25/2023 | | | 31.00 | Billed- Expense Advances | | 25199.30 | | | | 31.00 | | 161312.43 | | -17338.96 | 12348.42 | 1059.71 |
| 10/25/2023 | | | 690.00 | Billed- Expense Advances | | 25199.30 | | | | 690.00 | | 161312.43 | | -17338.96 | 13038.42 | 1059.71 |
| 10/25/2023 | | | 75.00 | Billed- Expense Advances | | 25199.30 | | | | 75.00 | | 161312.43 | | -17338.96 | 13113.42 | 1059.71 |
| 10/25/2023 | | | 145.00 | Billed- Expense Advances | | 25199.30 | | | | 145.00 | | 161312.43 | | -17338.96 | 13258.42 | 1059.71 |
| 10/25/2023 | | | 41.68 | Billed- Expense Advances | | 25199.30 | | | | 41.68 | | 161312.43 | | -17338.96 | 13300.10 | 1059.71 |
| 10/25/2023 | | | 375.00 | Billed- Expense Advances | | 25199.30 | | | | 375.00 | | 161312.43 | | -17338.96 | 13675.10 | 1059.71 |

# MIDLAND MORTGAGE

### A division of MidFirst Bank

SEAN N SINCLAIR
3307 SHELDON AVENUE
BRISTOL          PA 19007-0000

YOUR LOAN NUMBER:
BANKRUPTCY CASE # 23-13208 -13

DATE: 10/25/23

#### *** ESCROW ACCOUNT DISCLOSURE STATEMENT - PROJECTIONS ***

PLEASE REVIEW THIS STATEMENT CLOSELY - YOUR MORTGAGE PAYMENT MAY BE AFFECTED.
THIS STATEMENT TELLS YOU OF ANY CHANGES IN YOUR MORTGAGE PAYMENT, ANY SURPLUS
REFUNDS, OR ANY SHORTAGE YOU MUST PAY. IT ALSO SHOWS YOU THE ANTICIPATED
ESCROW ACTIVITY FOR YOUR ESCROW CYCLE BEGINNING  11/23 THROUGH  10/24.

------- ANTICIPATED PAYMENTS FROM ESCROW -   11/23 THROUGH   10/24 ------
```
            HAZARD                   3252.00
            MIP PREM TO HUD          2274.72
            CITY/TOWN TAX            1504.09
            SCHOOL DISTRICT          5005.10

     TOTAL PAYMENTS FROM ESCROW      12035.91

     MONTHLY PAYMENT TO ESCROW       1002.99 (1/12TH OF ABOVE TOTAL)
```

------- ANTICIPATED ESCROW ACTIVITY -   11/23 THROUGH   10/24--------
       -ANTICIPATED PAYMENTS-        -- ESCROW BALANCE COMPARISON --

| MONTH | TO ESCROW | FROM ESCROW | DESCRIPTION | ANTICIPATED | | REQUIRED |
|-------|-----------|-------------|-------------|-------------|---|----------|
|       |           |             | ACTUAL STARTING BALANCE | -3902.97 | | 2440.32 |
| NOV 23 | 1002.99 | 189.56 | MIP PREM TO HUD | -3089.54 | | 3253.75 |
| DEC 23 | 1002.99 | 189.56 | MIP PREM TO HUD | -2276.11 | | 4067.18 |
| JAN 24 | 1002.99 | 189.56 | MIP PREM TO HUD | -1462.68 | | 4880.61 |
| FEB 24 | 1002.99 | 189.56 | MIP PREM TO HUD | -649.25 | | 5694.04 |
| MAR 24 | 1002.99 | 189.56 | MIP PREM TO HUD | 164.18 | | 6507.47 |
| APR 24 | 1002.99 | 189.56 | MIP PREM TO HUD | | | |
|        |         | 1504.09 | CITY/TOWN TAX | -526.48 | | 5816.81 |
| MAY 24 | 1002.99 | 189.56 | MIP PREM TO HUD | 286.95 | | 6630.24 |
| JUN 24 | 1002.99 | 189.56 | MIP PREM TO HUD | 1100.38 | | 7443.67 |
| JUL 24 | 1002.99 | 189.56 | MIP PREM TO HUD | 1913.81 | | 8257.10 |
| AUG 24 | 1002.99 | 189.56 | MIP PREM TO HUD | | | |
|        |         | 5005.10 | SCHOOL DISTRICT | -2277.86 | | 4065.43 |
| SEP 24 | 1002.99 | 3252.00 | HAZARD | | | |
|        |         | 189.56 | MIP PREM TO  ALP | -4716.43 | RLP | 1626.86 |
| OCT 24 | 1002.99 | 189.56 | MIP PREM TO HUD | -3903.00 | | 2440.29 |

------------ DETERMINING THE SUFFICIENCY OF YOUR ESCROW BALANCE ------------

IF THE ANTICIPATED LOW POINT BALANCE (ALP) IS LESS THAN THE REQUIRED BALANCE
(RLP), THEN YOU HAVE AN ESCROW SHORTAGE. YOUR ESCROW SHORTAGE IS    -6343.29.

WILL BE COLLECTED FOR A PERIOD OF 00 MONTHS FROM NOVEMBER 01, 2023

IF THE ANTICIPATED LOW POINT BALANCE (ALP) IS GREATER THAN THE REQUIRED

---

**Midland Mortgage Customer Service**
P.O. Box 26648 · Oklahoma City, OK  73126-0648 · Tel 1-800-654-4566 · Fax 1-405-767-5500 · www.MyMidlandMortgage.com
**Qualified Written Requests, Notices of Error, Information Requests, and Credit Disputes must be sent to:**
P.O. Box 268959 · Oklahoma City, OK  73126-8959

**/// MIDLAND MORTGAGE**

*A division of MidFirst Bank*

```
BALANCE (RLP), THEN YOU HAVE AN ESCROW SURPLUS. YOUR SURPLUS IS          0.00.

*ADJUSTED ESCROW SHORTAGE IS                                             0.00.
------------------ CALCULATION OF YOUR NEW PAYMENT AMOUNT ------------------
          PRINCIPAL & INTEREST                            904.87
          ESCROW (1/12TH OF ANNUAL ANTICIPATED          1002.99
             DISBURSEMENTS AS COMPUTED ABOVE)
          PLUS: OPTIONAL INSURANCE PREMIUMS                0.00
          PLUS: REPLACEMENT RESERVE OR FHA SVC CHG         0.00
          PLUS: SHORTAGE PAYMENT                           0.00
          MINUS: SURPLUS CREDIT                            0.00
          ROUNDING ADJUSTMENT                              0.00
          MINUS: BUYDOWN/ASSISTANCE PAYMENTS               0.00


BORROWER PAYMENT STARTING WITH THE PAYMENT DUE 11/01/23      1907.86
NOTE: YOUR ESCROW BALANCE MAY CONTAIN A CUSHION. A CUSHION IS AN AMOUNT OF
MONEY HELD IN YOUR ESCROW ACCOUNT TO PREVENT YOUR ESCROW BALANCE FROM BEING
OVERDRAWN WHEN INCREASES IN THE DISBURSEMENTS OCCUR. FEDERAL LAW AUTHORIZES
A MAXIMUM ESCROW CUSHION NOT TO EXCEED 1/6TH OF THE TOTAL ANNUAL ANTICIPATED
ESCROW DISBURSEMENTS MADE DURING THE ABOVE CYCLE. THIS AMOUNT IS     1626.86.
YOUR LOAN DOCUMENTS OR STATE LAW MAY REQUIRE A LESSER CUSHION. WHEN YOUR
ESCROW BALANCE REACHES ITS LOWEST POINT DURING THE ABOVE CYCLE, THAT BALANCE
IS TARGETED TO BE YOUR CUSHION AMOUNT.

YOUR ESCROW CUSHION FOR THIS CYCLE IS      1626.86.


YOUR ANTICIPATED ESCROW BALANCE CONSISTS OF THE FOLLOWING DETAIL (AN * NEXT
TO AN AMOUNT INDICATES THIS IS A TOTAL THAT REPRESENTS MORE THAN ONE PAYMENT
TO OR DISBURSEMENT FROM ESCROW):
ESCROW PAYMENTS UP TO ESCROW ANALYSIS EFFECTIVE DATE:
10/22      1008.83      11/22      1008.83      12/22      11418.33    *
ESCROW DISBURSEMENTS UP TO ESCROW ANALYSIS EFFECTIVE DATE:
00/00      0.00                    00/00      0.00
00/00      0.00                    00/00      0.00
00/00      0.00                    00/00      0.00
```

# ///// Midland Mortgage

*A Division of MidFirst Bank*

YOUR LOAN NUMBER ███████

** POC DISCLOSURE ESCROW ACCOUNT HISTORY **

| DATE | TRANSACTION TY | AMOUNT | ESC BAL |
|---|---|---|---|
| 10/27/2022 | ESCROW DEPOSIT | $1,008.83 | ($8,239.60) |
| 10/27/2022 | ESCROW DEPOSIT | $1,008.83 | ($7,230.77) |
| 11/4/2022 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($7,426.25) |
| 11/22/2022 | ESCROW DEPOSIT | $989.93 | ($6,436.32) |
| 12/2/2022 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($6,631.80) |
| 1/4/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($6,827.28) |
| 2/3/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($7,022.76) |
| 3/6/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($7,218.24) |
| 4/3/2023 | PROPERTY TAX PAYMENT | ($1,504.09) | ($8,722.33) |
| 4/4/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($8,917.81) |
| 4/5/2023 | ESCROW DEPOSIT | $1,008.83 | ($7,908.98) |
| 5/3/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($8,104.46) |
| 6/5/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($8,299.94) |
| 7/3/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($8,495.42) |
| 8/3/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($8,690.90) |
| 8/4/2023 | PROPERTY TAX PAYMENT | ($5,005.10) | ($13,696.00) |

Midland Mortgage Customer Service
P.O. Box 26648 · Oklahoma City, OK 73126-0648 · Tel 1-800-654-4566 · Fax 1-405-767-5500 · www.MidlandMortgage.com

Qualified Written Requests, Notices of Error, Information Requests, and Credit Disputes must be sent to:
P.O. Box 26959 · Oklahoma City, OK 73126-6959



**//// Midland Mortgage**

*A Division of MidFirst Bank*

YOUR LOAN NUMBER

`** POC DISCLOSURE ESCROW ACCOUNT HISTORY **`

| 8/15/2023 | PROPERTY INSURANCE PAYMENT | ($3,252.00) | ($16,948.00) |
| 9/5/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($17,143.48) |
| 10/3/2023 | MORTGAGE INSURANCE PREMIUM | ($195.48) | ($17,338.96) |

Midland Mortgage Customer Service
P.O. Box 26648 · Oklahoma City, OK 73126-0648 · Tel 1-800-654-4566 · Fax 1-405-767-5500 · www.Midlandsmortgage.com
Qualified Written Requests, Notices of Error, Information Requests, and Credit Disputes must be sent to:
P.O. Box 268959 · Oklahoma City, OK 73126-8959



# ORIGINAL



## NOTE

SEPTEMBER 9, 2014      PARSIPPANY      NEW JERSEY
[Date]      [City]      [State]

3307 SHELDON AVENUE, BRISTOL, PENNSYLVANIA 19007
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means   AMERICAN FINANCIAL RESOURCES, INC., A NEW JERSEY CORPORATION                                         and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED FOURTEEN THOUSAND SEVEN HUNDRED THIRTY-EIGHT AND 00/100                          **Dollars (U.S. $ 214,738.00           )**, plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of   THREE AND 875/1000                          percent (    3.875 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the   1st   day of each month beginning on   NOVEMBER 1, 2014                    . Any principal and interest remaining on the   1st   day of OCTOBER, 2044                , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at   9 SYLVAN WAY, PARSIPPANY, NEW JERSEY 07054

, or at such other place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $  1,009.78            . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for Payment Adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.

---

MULTISTATE - FHA FIXED RATE NOTE

**DocMagic** *EForms*
www.docmagic.com

Usfha.nte.xml

(Check applicable box.)

☐ Growing Equity Allonge
☐ Graduated Payment Allonge
☐ Other [specify]:

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000                                          percent (        4.000 %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by delivering it or by mailing it by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in

---

Usfha.nte.xml

this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)        _____ (Seal)
SEAN N SINCLAIR            -Borrower                              -Borrower

_____ (Seal)        _____ (Seal)
                          -Borrower                              -Borrower

_____ (Seal)        _____ (Seal)
                          -Borrower                              -Borrower

PAY TO THE ORDER OF:       Pingora Loan Servicing, LLC
                                    f/k/a
                           Pingora Loan Servicing, Inc.
WITHOUT RECOURSE
AMERICAN FINANCIAL RESOURCES, INC
9 SYLVAN WAY
PARSIPPANY, NJ 07054

JOFETH RUBIA                                    [Sign Original Only]
POST CLOSING MANAGER

Usfha.nte.xml

PAY TO THE ORDER OF **MIDFIRST BANK**

WITHOUT RECOURSE
PINGORA LOAN SERVICING, LLC

BY

TRINITY J. HENTON
SENIOR VICE PRESIDENT

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251
877-766-6677

Parcel ID No.: ██████████

_____[Space Above This Line For Recording Data]_____

Loan No.: ██████████

FHA Case No.: ██████████

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this   28th   day of   March, 2017            ,
between Sean N Sinclair and Claire S Sinclair, as joint tenants, whose address is 3307 Sheldon Avenue, Bristol,
Pennsylvania 19007

("Borrower")

and  Pingora Loan Servicing, LLC, whose address is 1755 Blake Street, Suite 200, Denver, Colorado 80202

("Lender"),

amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated
September 9th, 2014 , recorded October 28th, 2014      , and recorded in Book/Liber N/A         , Page N/A        ,
Instrument No. 2014059627        , of the Official       Records of Bucks            County, Pennsylvania ,
and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and
personal property described in the Security Instrument and defined therein as the "Property," located at
3307 Sheldon Avenue, Bristol, Pennsylvania 19007
                                                                                                       .
Said Security Instrument was assigned as follows:
            From Mortgage Electronic Registration Systems, Inc., as nominee for American Financial Resources,
Inc.                                                                                                    , to
Pingora Loan Servicing, LLC
by assignment dated  July 6th, 2016          , and recorded on  July 7th, 2016        of the Official Records of
Bucks            County, State of Pennsylvania in Book/Liber  N/A          , Page N/A                      ,
Instrument No. 2016039462        .

Original Loan Amount: $214,738.00

Loan No.: ▮▮▮▮▮▮▮

From N/A                                                                                   ,
to    N/A
                                              , by assignment dated   N/A              ,
and recorded on  N/A              of the Official Records of  Bucks         County, State of Pennsylvania
in Liber or Book  N/A        , Page N/A      , Instrument No.  N/A            .

the real property described being set forth as follows:

SEE EXHIBIT "A"  ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.        As of  May 1st, 2017          , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 178,586.19        , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2.        Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of  4.500       %, from April 1st, 2017           . Borrower promises to make monthly payments of principal and interest of U.S.  $904.87        , beginning on the  1st      day of  May, 2017          , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full.  The yearly rate of  4.500     % will remain in effect until principal and interest are paid in full.  If on  April 1st, 2047          , (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.        If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument,

          If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.        Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

(a)        all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b)        all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No.:

5.      Borrower understands and agrees that:

(a)      All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)      All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)      Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)      All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)      Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)      Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower  information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's  loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging□.

6.      If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7.      Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a

Loan No.: ███████

waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Loan No.: ▮▮▮▮▮▮

Date  4/24/17

_____ (Seal)
Sean N Sinclair                   —Borrower

Date  4/24/17

_____ (Seal)
Claire S Sinclair, signing solely to    —Borrower
acknowledge this Agreement, but not to incur
any personal liability for the debt

_____
Date

_____ (Seal)
                                  —Borrower

_____
Date

_____ (Seal)
                                  —Borrower

## BORROWER ACKNOWLEDGMENT

State of  Pennsylvania  §
                        §
County of  Montgomery   §

On this, the 24th day of  April , 2017, before me  Jonathan B. Counts ,
the undersigned officer, personally appeared Sean N Sinclair and Claire S Sinclair

known to me (or satisfactorily proven) to be the person whose name(s) is/are  subscribed to the within instrument,
and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

(Seal)

_____
Notary Signature

_____
Notary Public
Title of Officer

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JONATHAN B. COUNTS, Notary Public
Upper Gwynedd Twp., Montgomery County
My Commission Expires March 23, 2021

Loan No.: ████████

Pingora Loan Servicing, LLC
—Lender

5/2/17
-Date

By: _____

Its: _____
Angela Pulli
Vice President and
Assistant Secretary

## LENDER ACKNOWLEDGMENT

State of New Jersey §
§
County of Mercer §

On this, the 2nd day of May, 2017 before me Kimberly D. Jeannette
the undersigned officer, personally appeared Angela Pulli who acknowledged
himself/herself to be the VP and Asst Secretary of Pingora Loan Servicing, LLC

a entity, and that he/she as such _____ being authorized to do so, executed the
foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as
Angela Pulli .

In witness whereof, I hereunto set my hand and official seal.

(Seal)

_____
Notary Signature

_____
Notary Public
Title of Officer

"I, Angela Pulli do hereby certify that the correct address of the within named Mortgagee is
1755 Blake Street, Suite 200, Denver, Colorado 80202. Witness my hand this 2nd day of
May 20___."

Signed
By: _____
Angela Pulli
Vice President and
Assistant Secretary

ACKNOWLEDGMENT (PENNSYLVANIA)                                                          Page 6 of 6

Loan No.: 

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____ -Borrower
Sean N Sinclair

_____ -Borrower
Claire S Sinclair, signing solely to
acknowledge this Agreement, but not to
incur any personal liability for the debt

_____ -Borrower

_____ -Borrower

Loan No.: 

# CORRECTION AGREEMENT

**Borrower(s):** Sean N Sinclair and Claire S Sinclair          **Property:** 3307 Sheldon Avenue, Bristol, Pennsylvania 19007

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is Sean N Sinclair and Claire S Sinclair .

"Lender" is Pingora Loan Servicing, LLC
                                                                                 , and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $178,586.19 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be *prima facie* evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_____ 4/24/17    _____ 4/24/17
Sean N Sinclair        -Borrower (Date)      Claire S Sinclair, signing      -Borrower (Date)
                                             solely to acknowledge this
                                             Agreement, but not to incur
                                             any personal liability for the
                                             debt

_____          _____
        -Borrower (Date)                          -Borrower (Date)

Loan No.: 

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                          BORROWER:

_____                 _____
N/A Modification                                 Sean N Sinclair
                        (Date)                                         (Date)  4/24/17

_____                 _____
N/A Modification                                 Claire S Sinclair, signing solely to
                        (Date)                   acknowledge this Agreement, but not to    (Date)
                                                 incur any personal liability for the debt

_____                 _____
                        (Date)                                         (Date)

_____                 _____
                        (Date)                                         (Date)

ATTORNEY SELECTION NOTICE -MULTISTATE                                  Page 1 of 1

EXHIBIT "A"

ALL THAT CERTAIN lot or piece of ground SITUATE, in the Township of Bristol, County of Bucks and State of Pennsylvania, being known as Lot No. 2 on a subdivision Plan made for Charles Campbell and recorded in Doylestown, in Plan Book 115, page 35, as follows:

BEGINNING at a point on the Southwesterly Right of Way Line of Sheldon Avenue (40 feet wide) which point is measured North 18 degrees 31 minutes West 75 feet from the point of intersection of the Southwesterly Right of Way Line of Sheldon Avenue and the Northwesterly Right of Way Line of Ritter Avenue (40 feet wide); thence extending along Lot No. 1 as shown on said Plan South 71 degrees 29 minutes West 140 feet to a point; thence extending along lands now or late of McCord North 18 degrees 31 minutes West 75 feet to a point; thence extending along lands now or late Johnson, Smith and Larsen North 71 degrees 29 minutes East 140 feet to a point on the Southwesterly Right of Way Line of Sheldon Avenue aforementioned; thence extending along the said Southwesterly Right of Way Line of Sheldon Avenue South 18 degrees 31 minutes East 75 feet to the point and place of BEGINNING.

PARCEL NUMBER: ▮▮▮▮▮▮▮▮

PROPERTY ADDRESS: 3307 Sheldon Avenue, Bristol, PA 19007.

This Instrument Prepared By:
AMANDA BEERS
(973)646-30063006

After Recording Return To:
AMERICAN FINANCIAL RESOURCES, INC.
9 SYLVAN WAY
PARSIPPANY, NEW JERSEY 07054

Property Address:
3307 SHELDON AVENUE
BRISTOL, PENNSYLVANIA 19007

——————————— [Space Above This Line For Recording Data] ———————————

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on    SEPTEMBER 9, 2014
The mortgagor is   SEAN N SINCLAIR AND CLAIRE S SINCLAIR AS JOINT
TENANTS

("Borrower").
This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") as Mortgagee. **MERS is the nominee for Lender**, as hereinafter defined, and Lender's successors and assigns.  MERS is organized and existing under the laws of Delaware, and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026 and a street address of 1901 E. Voorhees Street, Suite C, Danville, IL 61834, tel. (888) 679-MERS.
AMERICAN FINANCIAL RESOURCES, INC.
("Lender") is organized and existing under the laws of    NEW JERSEY
and has an address of   9 SYLVAN WAY, PARSIPPANY, NEW JERSEY 07054

Borrower owes Lender the principal sum of   TWO HUNDRED FOURTEEN THOUSAND SEVEN HUNDRED THIRTY-EIGHT AND 00/100        Dollars (U.S. $ 214,738.00      ).

FHA PENNSYLVANIA MORTGAGE - MERS

*DocMagic eForms*
www.docmagic.com

Pamtgz.fha.xml

# Exhibit A

**ALL THAT CERTAIN** lot or piece of ground SITUATE, in the Township of Bristol, County of Bucks and State of Pennsylvania, being known as Lot No. 2 on a subdivision Plan made for Charles Campbell and recorded in Doylestown, in Plan Book 115, page 35, as follows:

**BEGINNING** at a point on the Southwesterly Right of Way Line of  Sheldon Avenue (40 feet wide) which point is measured North 18 degrees 31 minutes West 75 feet from the point of intersection of the Southwesterly Right of Way Line of Sheldon Avenue and the Northwesterly Right of Way Line of Ritter Avenue (40 feet wide); thence extending along Lot No. 1 as shown on said Plan South 71 degrees 29 minutes West 140 feet to a point; thence extending along lands now or late of McCord North 18 degrees 31 minutes West 75 feet to a point; thence extending along lands now or late Johnson, Smith and Larsen North 71 degrees 29 minutes East 140 feet to a point on the Southwesterly Right of Way Line of Sheldon Avenue aforementioned; thence extending along the said Southwesterly Right of Way Line of Sheldon Avenue South 18 degrees 31 minutes East 75 feet to the point and place of BEGINNING.

**BEING** the same premises which William E. Koszarek and Patricia A. Koszarek, his wife, by Deed dated June 9, 2000, and recorded June 19, 2000, in the Office of the Recorder of Deeds in and for the County of Bucks, Pennsylvania, in Land Record Book 2074, Page 1600, granted and conveyed unto Patricia A. Koszarek, in fee.

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on  OCTOBER  1,  2044        .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in   BUCKS                                    County, Pennsylvania:

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.
A.P.N.

which has the address of                          3307  SHELDON  AVENUE
                                                            [Street]
                  BRISTOL                     , Pennsylvania     19007          ("Property Address"):
                   [City]                                       [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:
**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance

Pamtgz.fha.xml

proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Pamtgz.fha.xml

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8.  Fees.** Lender may collect fees and charges authorized by the Secretary.

**9.  Grounds for Acceleration of Debt.**

**(a)  Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)  Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)  Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b)  Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)  All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c)  No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d)  Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e)  Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within    60  DAYS

from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60  DAYS            from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.  Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of

Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

### NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding and/or invoke any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided or referred to in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.**

**If the Lender's interest in this Security Instrument is held by the Secretary, and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.**

**19. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**20. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**21. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 10 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

Pamtgr.fha.xml

**22. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**23. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**24. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

☐ Condominium Rider            ☐ Graduated Payment Rider      ☐ Growing Equity Rider

☐ Planned Unit Development Rider   ☐ Adjustable Rate Rider        ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider     ☐ Other [Specify]

## [REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 11 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
SEAN M SINCLAIR                   -Borrower

_____ (Seal)
CLAIRE S SINCLAIR                 -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

Witness:                          Witness:

_____         _____

FHA PENNSYLVANIA MORTGAGE - MERS

Page 9 of 11

DocMagic eForms
www.docmagic.com

―――――――――――― [Space Below This Line For Acknowledgment] ――――――――――

State of  PENNSYLVANIA

County of  BUCKS

On this the _9th_ day of _September 2014_ , before me, _____

_Karen M. Hudnell_                                    .

the undersigned officer, personally appeared _SEAN N SINCLAIR AND CLAIRE S SINCLAIR_

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seals.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN M. HUDNELL, Notary Public
Middletown Twp., Bucks County
My Commission Expires October 22, 2016

_____
Signature

_Karen M. Hudnel_
Printed Name

_Notary_
Title of Officer

(Seal)

My commission expires: _10-22-2016_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN M. HUDNELL, Notary Public
Middletown Twp., Bucks County
My Commission Expires October 22, 2016

www.docmagic.com

Pamtgz.fha.xml

**Certificate of Residence of Mortgagee**

The undersigned hereby certifies that: (i) he/she is the Mortgagee or the duly authorized attorney or agent of the Mortgagee named in the within instrument; and (ii) Mortgagee's precise residence is:
1901 E Voorhees Street, Suite C, Danville, IL 61834

Witness my hand this *4th* day of *September* *2014*.

_____

Signature of Mortgagee or Mortgagee's Duly Authorized Attorney or Agent

*K. Hudnell*

_____

Type or Print Name of Mortgagee or Mortgagee's Duly Authorized Attorney or Agent

Pamtgz.fha.xml

## BUCKS COUNTY RECORDER OF DEEDS
**55 East Court Street**
**Doylestown, Pennsylvania  18901**
**(215) 348-6209**

*Sinclair, Sean*

Instrument Number - 2014059627
Recorded On 10/28/2014 At 8:20:13 AM          * Total Pages - 14
* Instrument Type - MORTGAGE - CORPORATIONS
  Invoice Number ▓▓▓▓▓▓      User ▓▓▓▓
* Mortgagor - SINCLAIR, SEAN N
* Mortgagee - AMERICAN FIN RES INC
* Customer - SIMPLIFILE LC E-RECORDING
* FEES

| | |
|---|---|
| **RECORDING FEES** | **$113.00** |
| **TOTAL PAID** | **$113.00** |

Bucks County UPI Certification
On October 28, 2014 By SEC

**This is a certification page**

# DO NOT DETACH

**This page is now part
of this legal document.**

RETURN DOCUMENT TO:
ALL SERVICE ABSTRACT
314 WEST LINCOLN HIGHWAY&#10;SUIT
PENNDEL, PA 19047

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office

**Joseph J. Szafran, Jr.**
Recorder of Deeds

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

CERTIFIED PROPERTY IDENTIFICATION NUMBERS
BRISTOL TWP
CERTIFIED 10/28/2014 BY SEC

# MORTGAGE
# COVER SHEET



## RECORD AND RETURN TO:
**All Service Abstract**
**314 West Lincoln Highway**
**Suite # 1**
**Penndel, PA 19047**

## PREPARED BY:
**American Financial Resources**
**9 Sylvan Way**
**Parsippany, NJ 07054**

**13 pages**

### BUCKS COUNTY RECORDER OF DEEDS
**55 East Court Street**
**Doylestown, Pennsylvania 18901**
**(215) 348-6209**

Instrument Number - 2016039462
Recorded On 7/7/2016 At 11:33:00 AM                    * Total Pages - 3
* Instrument Type - MORTGAGE ASSIGNMENT
  Invoice Number ▮▮▮▮▮▮    User - ▮▮▮▮
* Mortgagor - AMERICAN FIN RES INC
* Mortgagee - PINGORA LOAN SERV L L C
* Customer - SIMPLIFILE LC E-RECORDING
* FEES

| RECORDING FEES | $67.00 |
| TOTAL PAID | $67.00 |

> Bucks County UPI Certification
> On July 7, 2016 By TF

This is a certification page

# DO NOT DETACH

This page is now part
of this legal document.

RETURN DOCUMENT TO:
NATIONWIDE TITLE CLEARING INC.
2100 ALTERNATE 19 N
PALM HARBOR, FL 34683

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.



Joseph J. Szafran, Jr.
Recorder of Deeds

\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

```
CERTIFIED PROPERTY IDENTIFICATION NUMBERS
                                      BRISTOL TWP
        CERTIFIED 07/07/2016 BY TF
```

**Prepared By:**
**E.Lance/NTC, 2100 Alt. 19 North,**
**Palm Harbor, FL 34683**
**(800)346-9152**

When Recorded Return To:
Cenlar FSB C/O Nationwide Title Clearing, LLC
2100 Alt. 19 North
Palm Harbor, FL 34683

Tax Code/PIN/UPI #:

## ASSIGNMENT OF MORTGAGE

**Regarding this instrument, contact Cenlar FSB. 425 Phillips Blvd, Ewing, NJ 08618, telephone # 1-800-223-6527, which is responsible for receiving payments.**

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMEIRCAN FINANCIAL RESOURCES, INC., ITS SUCCESSORS AND ASSIGNS, WHOSE ADDRESS IS (MERS Address: 1901 E Voorhees Street, Suite C, Danville, IL 61834)** by these presents does convey, grant, assign, transfer and set over the described Mortgage therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to **PINGORA LOAN SERVICING, LLC, WHOSE ADDRESS IS 1755 BLAKE ST, STE 200, DENVER, CO 80202, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage dated 09/09/2014, in the amount of $214,738.00 made by **SEAN N. SINCLAIR AND CLAIRE S. SINCLAIR** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMEIRCAN FINANCIAL RESOURCES, INC., ITS SUCCESSORS AND ASSIGNS** recorded on 10/28/2014, in the Office of the Recorder of Deeds of **BUCKS** County, in the State of **Pennsylvania**, in **Instrument # 2014059627**.

Property is more commonly known as: 3307 SHELDON AVENUE BRISTOL TOWNSHIP, BRISTOL, PA 19007-0000.

**Dated this 06th day of July in the year 2016**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMEIRCAN FINANCIAL RESOURCES, INC., ITS SUCCESSORS AND ASSIGNS**

By: _____

**SHANNON MCKINNEY**

**ASST. SECRETARY**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

DEFAULT  N1 MIN                    MERS PHONE              MERS
Mailing Addresses: 1901 E Voorhees St., Suite C, Danville, IL 61834 or P.O. Box 2026, Flint, MI 48501-2026

STATE OF FLORIDA  COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on this 06th day of July in the year 2016, by Shannon McKinney as ASST. SECRETARY of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMEIRCAN FINANCIAL RESOURCES, INC., ITS SUCCESSORS AND ASSIGNS, who, as such ASST. SECRETARY being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

**DANIELLE KENNEDY - NOTARY PUBLIC**

**COMM: EXPIRES 06/26/2017**

**DANIELLE KENNEDY**
**NOTARY PUBLIC**
**STATE OF FLORIDA**
**Comm# FF031287**
**Expires 6/26/2017**

Assignment of Mortgage from:
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AMEIRCAN FINANCIAL RESOURCES, INC., ITS SUCCESSORS AND ASSIGNS, WHOSE ADDRESS IS (MERS Address: 1901 E Voorhees Street, Suite C, Danville, IL 61834)**
to:
**PINGORA LOAN SERVICING, LLC, WHOSE ADDRESS IS 1755 BLAKE ST, STE 200, DENVER, CO 80202, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**

Mortgagor: **SEAN N. SINCLAIR AND CLAIRE S. SINCLAIR**

All that certain lot or piece of ground situated in
Mortgage Premise: 3307 SHELDON AVENUE BRISTOL TOWNSHIP
             BRISTOL, PA 19007-0000
             BUCKS
(Borough or Township, if stated), Commonwealth of Pennsylvania.
Being more particularly described in said Mortgage.

**Certificate of Residence**

I, **Shannon McKinney**, do certify that the precise address of the within named Assignee is:
**PINGORA LOAN SERVICING, LLC, WHOSE ADDRESS IS 1755 BLAKE ST, STE 200, DENVER, CO 80202, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**

**SHANNON MCKINNEY**

**ASST. SECRETARY**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

DEFAULT                    MERS PHONE
MERS Mailing Addresses: 1901 E Voorhees St., Suite C, Danville, IL 61834 or P.O. Box 2026,
Flint, MI 48501-2026

**BUCKS COUNTY RECORDER OF DEEDS**
55 East Court Street
Doylestown, Pennsylvania  18901
(215) 348-6209

Instrument Number - 2020008580
Recorded On 2/7/2020 At 2:36:46 PM                    * Total Pages - 3
* Instrument Type - MORTGAGE ASSIGNMENT
  Invoice Number                User
* Mortgagor - PINGORA LOAN SERVICING LLC
* Mortgagee - MIDFIRST BANK
* Customer - SIMPLIFILE LC E-RECORDING
* FEES
  **RECORDING FEES**              $70.75
  **TOTAL PAID**                  $70.75

---

Bucks County UPI Certification
On February 7, 2020 By SHY

---

This is a certification page

**DO NOT DETACH**

This page is now part
of this legal document.

---

**RETURN DOCUMENT TO:**
PINGORA LOAN SERVICING
2617 COLLEGE PARK&#10;STE 125
SCOTTSBLUFF, NE 69361

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Bucks County, Pennsylvania.

M. Robinson

Robin M. Robinson
Recorder of Deeds

* - Information denoted by an asterisk may change during
    the verification process and may not be reflected on this page.

Prepared By:
Jennifer Jackson, Pingora Loan
Servicing, LLC, 2617 College Park,
Suite 125, Scottsbluff, NE 69361,
308-275-1058

When Recorded Return To:
Pingora Loan Servicing, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

```
CERTIFIED PROPERTY IDENTIFICATION NUMBERS
05-014-143--001    -        BRISTOL TWP
        CERTIFIED 02/07/2020 BY SHY
```

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, PINGORA LOAN SERVICING, LLC, WHOSE ADDRESS IS 1819 WAZEE, 2ND FLOOR, DENVER, CO 80202, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION, WHOSE ADDRESS IS 999 NW GRAND BOULEVARD, SUITE 100, OKLAHOMA CITY, OK 73118 (800)654-4566, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Mortgage is dated 09/09/2014, in the amount of $214,738.00, made by SEAN N SINCLAIR AND CLAIRE S SINCLAIR to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR AMERICAN FINANCIAL RESOURCES, INC., ITS SUCCESSORS AND ASSIGNS, recorded on 10/28/2014, in the Office of the Recorder of Deeds of BUCKS County, Pennsylvania, in Instrument # 2014059627 Modification: 05/23/2017 INSTR: 2017029330.

Property is commonly known as: 3307 SHELDON AVENUE BRISTOL TOWNSHIP, BRISTOL, PA 19007.

Dated on __02/ 07 /2020__ (MM/DD/YYYY)

PINGORA LOAN SERVICING, LLC

By: _____

Jennifer J. Jackson
VICE PRESIDENT

PAGE 1

STATE OF NEBRASKA    COUNTY OF SCOTTS BLUFF
The foregoing instrument was acknowledged before me on __02 / 07 / 2020__ (MM/DD/YYYY) by
Jennifer J. Jackson as VICE PRESIDENT of PINGORA LOAN SERVICING, LLC. He/she/they is (are)
personally known to me.

Helen Scott
Notary Public - STATE OF NEBRASKA
Commission expires: 10/25/2020

RAL NOTARY-State of Nebraska
HELEN SCOTT
My Comm. Exp. October 25, 2020

Assignment of Mortgage from:
PINGORA LOAN SERVICING, LLC, WHOSE ADDRESS IS 1819 WAZEE, 2ND FLOOR, DENVER, CO
80202, (ASSIGNOR),
to:
MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION, WHOSE ADDRESS IS
999 NW GRAND BOULEVARD, SUITE 100, OKLAHOMA CITY, OK 73118 (800)654-4566, ITS
SUCCESSORS AND ASSIGNS, (ASSIGNEE)

Mortgagor: SEAN N SINCLAIR AND CLAIRE S SINCLAIR

All that certain lot or piece of ground situated in
Mortgage Premise: 3307 SHELDON AVENUE BRISTOL TOWNSHIP
                  BRISTOL, PA 19007
(Borough or Township, if stated), Commonwealth of Pennsylvania.
Being more particularly described in said Mortgage.

I, Jennifer J. Jackson , hereby certify that the below information and address for the assignee are correct:
MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION, WHOSE ADDRESS IS
999 NW GRAND BOULEVARD, SUITE 100, OKLAHOMA CITY, OK 73118 (800)654-4566, ITS
SUCCESSORS AND ASSIGNS, (ASSIGNEE)

By:
    Jennifer J. Jackson    VICE PRESIDENT